In the Matter of Joseph Huestis, Respondent, v Michelle Honeyman, Also Known as Michelle R. Carpenter, Appellant. [755 NYS2d 272] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of a dispositional order of the Family Court, Nassau County (Eisman, J.), dated February 6, 2001, as, after a hearing, awarded the father sole custody of the parties' daughter. The appeal from the dispositional order brings

up for review a prior order of the same court, dated August 7, 2000, which denied the mother's cross motion, in effect, for leave to relocate to Canastota, New York, and awarded the father sole custody of the parties' daughter in the event that the mother failed to return to Long Island.

Ordered that the dispositional order is affirmed insofar as appealed from, without costs or disbursements.

The parties to this appeal are the parents of a child born in 1988. They resided together in Port Washington, New York, until sometime in 1989, at which time they parted and resided separately in the area. In 1998 the mother relocated with the child, her husband, and other children to Canastota, New York, approximately 300 miles from the father's home in Port Washington. After the move, the father commenced this proceeding for custody of the child and the mother sought court permission to relocate to Canastota. After a hearing, the Supreme Court denied the mother's cross motion and ordered that the mother relocate to within 50 miles of the father's residence by January 31, 2000, or the father would be awarded sole custody of the child.

When reviewing a custodial parent's request to relocate, the court's primary focus must be on the best interests of the child (*see Matter of Tropea v Tropea,* 87 NY2d 727, 739 [1996]; *Matter of Reilly v Schmidt,* 295 AD2d 436 [2002]). Here, contrary to the mother's contentions, the record provides a sound and substantial basis for the Family Court's determination to deny her cross motion for permission to relocate with the parties' daughter to Canastota and to award custody to the father in the event that the mother did not relocate back to within 50 miles of the father's Port Washington home (*see Matter of Huston v Jones,* 252 AD2d 502 [1998]).

The mother's remaining contentions are without merit. Feuerstein, J.P., Krausman, Mastro and Rivera, JJ., concur.