Matter of Jones v Jones (2004 NY Slip Op 50658(U))

[*1]

Matter of Jones v Jones

2004 NY Slip Op 50658(U)

Decided on May 3, 2004

Family Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 3, 2004

Family Court, Nassau County
In the Matter of a Proceeding for custody pursuant to Article 6 of the Family Court Act ALISON JONES, Petitioner,
against
GERARD JONES Respondent.
V-55555-03/03A

Carnell T. Foskey, J.
Procedural Background
 
The petitioner/mother, Alison Jones (hereinafter, the petitioner) and the respondent/father, Gerard Jones (hereinafter, the respondent) were divorced by judgment of divorce, dated February 14, 2000 and entered by the Nassau County Clerk on February 15, 2000. The judgment of divorce granted the parties joint legal custody of their children, Ann (d/o/b 0/00/00) and Joe (d/o/b 00/00/00). Physical custody was awarded to the petitioner, subject to the respondent's right to visitation as set forth in their separation agreement, dated August 31, 1998, which was incorporated (but did not merge) with the judgment of divorce. The separation agreement provided, among other things, that the father would have mid-week overnight visitation with the children.
On April 17, 2003, the petitioner filed an application with this Court for modification of the visitation provisions of the judgment of divorce. The petition requested that the respondent's mid-week visitation be eliminated, as it was "not practical" because her new husband, Andrew Smith, had secured employment in the Albany, New York area. The petition stated that she and her four children (the two Jones children and the two children of her current marriage) would relocate to the Albany area to join her husband on or about June 30, 2003, at the end of the school year.
[*2]JONES, ALISON v. JONES, GERARD 
On June 5, 2003, the Court ordered that the parties submit to an investigation and report with
the Nassau County Probation Department, Family Division. The Court also ordered that Ms. Susan Silverstein, forensic evaluator, prepare a report. Darlene Harris, Esq. was appointed as Law Guardian for the Jones children.
On June 30, 2003, the respondent filed an order to show cause with this Court, requesting that the petitioner be enjoined from relocating the children from her residence in Williston Park or, alternatively, why the respondent should not be given custody of Ann and Joe. A temporary order was made thereafter, dated August 28, 2003, which restrained the petitioner from leaving the jurisdiction of this Court with the Jones children until the time of hearing. The petitioner made arrangements for Joe and Ann to remain in the same school district in Nassau County for the start of the 2003-2004 school year by residing with their maternal grandmother.
This Court conducted an in-camera interview with the children on October 30, 2003. A hearing was held on January 26 and 27, 2004. The court heard testimony from the following witnesses: the petitioner; Andrew Smith, Jr., the petitioner's husband; Andrew Smith, Sr., the petitioner's father-in-law; and Susan Silverstein, C.S.W., the forensic evaluator.
Findings of Fact The parties share legal custody of the children, with residential custody to the petitioner, as a result of their judgment of divorce. In January 2001, almost one year after the parties' divorce was concluded, the petitioner married her current spouse, Andrew Smith, Jr., who was employed by the Village of Williston Park at the time. After the marriage the petitioner, Mr. Smith, the Jones children, and eventually the two children of this second union lived in Williston Park in a house owned by Mr. Smith's parents. An increase in property taxes led Mr. Smith's parents to decide to sell the house in which the petitioner and their son lived. Mr. Smith's parents offered to assist with housing expenses if Mr. Smith and the petitioner decided to relocate to the Albany area.
Thereafter, and as a result of that conversation with his parents, Mr. Smith began to search for a new job, in an effort to effectuate this relocation. In March of 2003, Mr. Smith was offered a job with a waste and recycling company in the Albany area. Although it is the petitioner's contention that she discussed the possibility of relocation with the respondent, there is some dispute as to whether the respondent initially voiced any objection. In any event, Mr. Smith accepted the position and the Smith's house was placed on the market. The house was sold and Mr.Smith's parents purchased a home in Ballston Spa (Saratoga County) for the petitioner, Mr. Smith, and the children. The petitioner ultimately commenced the subject proceeding to terminate the respondent's midweek overnight visitation.
[*3]JONES, ALISON v. JONES, GERARD 
Ms. Susan Silverstein, CSW, testified as to her forensic evaluation of the parties and their children. Her two written reports, dated August 27, 2003, and October 21, 2003, were admitted into evidence. Ms. Silverstein testified that based on the strong relationship that the Jones children enjoyed with both parents and the distress they displayed over the possible inability to maintain that relationship, Ms. Silverstein initially recommended that the petitioner should remain in the Nassau County area with the children. In the event that the petitioner refused to remain in the area, Ms. Silverstein suggested that the court should consider granting custody to the respondent. Her recommendation in this regard was based in part on her perception that while the petitioner understood the quality of the relationship between the children and the respondent, the petitioner placed her own interest in relocating ahead of that relationship regardless of the impact on the children. The petitioner made very clear to Ms. Silverstein that she intended to relocate with or without her children. Ms. Silverstein was also concerned that in the event the petitioner was permitted to relocate with the children, the petitioner would not continue to permit the respondent to have significant access to the children absent a clear and specific visitation schedule.
In her subsequent report, Ms. Silverstein found that the children appeared to be suffering from greater amounts of conflict and in need of a resolution to the conflict. At the same time, the respondent's involvement with the children appeared to be diminishing. The respondent missed several school events, and the children were upset that the respondent was sending his wife to pick the children up for visitation because of his work obligations. Based on the need to resolve the anxiety experienced by the children and the respondent's diminished involvement with the children, Ms. Silverstein recommended that the petitioner be permitted to relocate with the children and that the respondent be given an extensive and structured visitation arrangement.
During the course of the hearing, and at the court's request, Ms. Silverstein interviewed both of the Jones children. After doing so, Ms. Silverstein reported that Ann was very ambivalent about relocating to Ballston Spa, and indicated that she would like the court to grant custody to the respondent. Likewise, Joe was extraordinarily adamant that he wished to remain with his father. Both children expressed displeasure with their mother for curtailing their contact with their father since her relocation to Ballston Spa.
The Law Guardian's Recommendation
The Court considered the recommendation of the children's Law Guardian, Darlene Harris, Esq. Ms. Harris stated that she questioned the feasibility of the respondent's ability to maintain a meaningful relationship with these children, in the event petitioner was permitted to relocate. Ms. Harris relayed that the respondent had maintained regular contact with the children, participated in the children's school activities, and made every effort to be a part of their lives. Ms. Harris's conclusion was that petitioner's application should be denied. Ms. Harris's position was that relocation would not be in the best interests of her clients.
[*4]JONES, ALISON v. JONES, GERARD 
The court has also considered reports of an investigation by the Family Division of the Nassau County Probation Department, which are deemed court's exhibits. The Probation Department reported favorable home studies for both the petitioner's new home in Ballston Spa and the respondent's new home in Ozone Park. Without access to the forensic investigation reports (which were not provided to the Probation Department), no formal recommendation was made. It was conditionally recommended, however, that strong consideration be given to awarding custody of the children to the respondent. This was advised because the petitioner would not consider obtaining housing within Nassau County.

 Conclusions of Law
Petitioner seeks modification of the parties' Judgment of Divorce, dated February 14, 2000, and separation agreement dated August 31, 1998, which was incorporated by reference. It should be noted that the petitioner has not asked the court for permission to relocate with the children. Rather, the petitioner's modification petition made clear that the petitioner had already decided to relocate with the children, and sought modification of the controlling visitation provisions by terminating the respondent's overnight midweek visitation. The respondent, in his order to show cause, seeks to prevent the petitioner from relocating the children.
The Court of Appeals' decision in Tropea v. Tropea (87 NY2d 727 [1996]) is the cornerstone for law governing relocation matters in New York State. In Tropea, the Court of Appeals formulated a "best interest standard" and held that each particular relocation application should be decided on its own merits, after consideration of all facts and circumstances, with the "predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (id. at 739; see also Friederwitzer v. Friederwitzer, 55 NY 2d 89 [1982]; Eschbach v. Eschbach 56 NY2d 167 [1982]).
The Tropea Court set forth a series of "factors" to evaluate when making a relocation determination. These are: (1) each parent's reasons for seeking or opposing the move, (2) the quality of the relationships between the child, the custodial and non-custodial parents, (3) the impact of the move on the quantity and quality of the child's future contact with the non-custodial parent, (4) the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the non-custodial parent and child through suitable visitation arrangements (Tropea, 87 NY2d at 740-741).
While these "factors" have been set forth by the Court of Appeals, they are not all inclusive or to be strictly applied. Rather, the final determination rests with the court, based upon all the proof in the case, and "whether it has been established by a preponderance of the evidence that a proposed relocation would serve the child's best interests" (id. at 741; see Huestis v Honeyman,302 AD2d 525 [2nd Dept. 2003]; Kime v Kime, 302 AD2d 564 [2nd Dept. 2003]; Migliaccio v Migliacco,
[*5]JONES, ALISON v. JONES, GERARD 
308 AD2d 565 [2nd Dept. 2003]; Confort v Nicolai, 309 AD2d 861 [2nd Dept. 2003]; Reilly v Schmidt, 295 AD2d 436 [2nd Dept. 2002]). 
This court has duly considered and examined the testimony of the various witnesses. This court also based its decision on the in-camera with the Jones children and the recommendation of the Law Guardian. Each relocation case must be decided on its own merits. The greatest weight must be afforded to the best interests of these children. The factors set forth in Tropea have been weighed against the evidence put forth by petitioner.
Therefore, in applying the principles set forth above to the instant matter, in accordance with the decision rendered from the bench after hearing on January 27, 2004, and after having thoroughly considered and reviewed all relevant factors set forth in Tropea, Friederwitzer and Eschbach, this court finds that the petitioner has failed to meet her burden of proof, by a preponderance of the credible evidence, that a relocation would serve the best interests of the Jones children. Moreover, although the children are not so advanced in age that their wishes should be the overriding concern, it is clear that they would feel more comfortable remaining with their father.
Accordingly, the custody and visitation provisions of the parties' judgement of divorce and separation agreement are hereby ordered modified. The parties shall continue to share joint legal custody. Physical custody is transferred to the respondent. The petitioner shall have visitation with the children on the first and third weekends of every month. The petitioner shall exercise one of these weekends in Nassau County, and may exercise the other in Ballston Spa, New York. With the exception of the midweek overnight visitation, which is eliminated, any additional visitation provisions specifically set forth in the parties' judgment of divorce and separation agreement that belonged to the respondent shall now belong to the petitioner.

 THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT. 
 ENTER:
 
 HON. CARNELL T. FOSKEY
 J.F.C.
Dated: May 03, 2004
Westbury, NY