■ In the Matter of Leslie J. Davis, Appellant, v Tryphena L. Davis, Respondent. [656 NYS2d 443] —Mikoll, J. P. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered May 20, 1996, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to relocate with the parties' child.

Petitioner and respondent married in 1990, had a child, Levon, born later that year, and divorced in 1992. Respondent voluntarily gave petitioner custody of Levon when he was four months old and Levon has resided with petitioner in Sullivan County ever since except for temporary visits with respondent at her residence in the Bronx. In 1994 Family Court entered an order granting joint legal custody to the parties, with primary physical custody to petitioner and visitation with respon-

dent every other weekend, for four weeks in the summer and with holidays shared equally. The order also prohibited either party from moving the child's residence from the State without the other party's written consent or an order of a court of competent jurisdiction.

Petitioner initiated this proceeding in Family Court on July 24, 1994 seeking modification of the custody order to permit him to take up residence with Levon in Whatley, Alabama, where petitioner has extensive family, friends and land to build on, and where his fiancée resides. Petitioner is a retired New York City Police Sergeant. Respondent is employed as a school security guard and is paid $22,000 annually.

The parties testified at a hearing in Family Court at which Levon was represented by a Law Guardian. Petitioner stated that his primary reason for moving was to obtain relief from pain in his leg in the warmer climate and because the move would be socially and economically beneficial for Levon, as petitioner's family and friends reside there. Petitioner noted that Levon was the only black child in his current nursery school and that he expected the same situation in kindergarten.

Respondent testified that the move would seriously limit the visitation she was afforded with Levon under the current order. She stated that Levon was doing well in Sullivan County, that he and her 15-year-old son had developed a close relationship and that Levon also played on occasions with a six-year-old relative when visiting at her home.

Family Court, in its decision, noted that the standards set by the Court of Appeals in *Matter of Tropea v Tropea* (87 NY2d 727) were applicable and found that petitioner failed to establish by a preponderance of the evidence that relocation would be in the best interest of the child. The court focused on the lack of proof showing a need on petitioner's part for the move or that the child's life would be economically or socially enhanced. Family Court also concluded that visitation would, at best, be made more difficult. This appeal ensued.

Petitioner's contention that Family Court misapplied the recent decision enunciating the law applicable to relocation cases, *Matter of Tropea v Tropea* (87 NY2d 727, *supra),* is without merit. Family Court properly applied the relevant factors enunciated in *Matter of Tropea v Tropea (supra,* at 740-741; *see, Matter of King v Mitchell,* 229 AD2d 710).

Petitioner's argument that he has satisfied the best interest test set forth in *Matter of Tropea v Tropea (supra)* is rejected. Petitioner's evidence that the move would be beneficial to Levon's best interest was conclusory and speculative, while

respondent's evidence demonstrates that the removal of Levon to Alabama would seriously alter the frequency, quantity and quality of respondent's visitation as it now exists. The distance and financial burden attest to this conclusion. Thus, Family Court's decision is in the best interest of the child and should be affirmed (*see, Matter of Tropea v Tropea, supra,* at 739; *Matter of Clark v Williams,* 229 AD2d 686, 687-688; *Matter of Harder v Yandoh,* 228 AD2d 814).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.