■ In the Matter of JOSEPH MASCOLA, JR., Respondent, v KAREN MASCOLA, Appellant. [674 NYS2d 393] —In a custody proceeding pursuant to Family Court Act article 6, the mother

appeals from so much of an order of the Family Court, Suffolk County (Kent, J.), entered April 15, 1997, as denied her cross petition to relocate to Florida with the parties' two minor sons, and conditioned the continuance of physical custody with the mother upon her continued residence in Suffolk County.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof conditioning the continuance of physical custody with the mother upon her continued residence in Suffolk County; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties are divorced and have joint custody of their two minor sons. The mother has physical custody and the father has visitation rights. The parties lived on Long Island within close proximity of each other. The mother, however, wished to relocate to Florida. She proffered two reasons for her proposed relocation: her health problem, diagnosed as chronic fatigue syndrome and/or Epstein-Barr Virus, and the availability of employment in Florida. However, the mother failed to demonstrate that these reasons justify the uprooting of the children from the only area they have ever known, where they are thriving academically and socially, and where a relocation would qualitatively affect their relationship with their father (*see generally, Weiss v Weiss*, 52 NY2d 170, 175; *Matter of Brown v McGuire*, 245 AD2d 895; *Sawyer v Sawyer*, 242 AD2d 969; *Matter of Burnham v Basta*, 241 AD2d 628; *compare, Matter of Gillard v Gillard*, 241 AD2d 966; *Matter of Malandro v Lido*, 229 AD2d 541). Therefore, based on all of the relevant facts, the mother's proposed relocation does not serve the best interests of the children (*see, Matter of Tropea v Tropea*, 87 NY2d 727, 739-741).

While the Family Court properly denied the mother's cross petition to relocate to Florida with the children, it improperly conditioned her retention of custody upon her continued residence in Suffolk County. That condition interferes with the parties' stipulation of settlement which requires the parties to renegotiate the custody and visitation terms in the event of a relocation (*see, Rybicki v Rybicki*, 176 AD2d 867, 871). "[E]ach relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea, supra*, at 739). Bracken, J. P., Miller, O'Brien and Copertino, JJ., concur.