■ In the Matter of PAUL HUSTON, Appellant, v NICHELLE JONES, Respondent. [675 NYS2d 127] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Freundlich, J.), entered March 17, 1997, which, after a hearing, granted custody of the parties' infant son to the mother and granted the mother permission to relocate the child to Atlanta, Georgia.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which granted the mother permission to relocate the child to Georgia and substituting therefor a provision denying such relief, (2) adding to the provision thereof which awarded the mother custody of the child a provision granting such relief on condition that the mother relocate her residence, with the child, to within a 50-mile radius of the father's residence and in the event she fails to do so, then custody is awarded to the father; as so modified, the order is affirmed, with costs to the father; and the mother's time to relocate her residence is extended until 30 days after service upon her of a copy of this decision and order with notice of entry.

The parties to this appeal are the parents of a child born in 1991. They resided together in East Meadow, New York, until January 1996, at which time, due to their deteriorating relationship, the mother relocated with the child to a neighboring community. When the mother sought to relocate with the child to Atlanta, Georgia, the father commenced this proceeding for custody of the child, and to enjoin the move. After a hearing, the Supreme Court awarded custody to the mother and granted permission for her to relocate the child to Georgia.

The Court of Appeals has recently held that the predominant consideration in determining a relocation request is "what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea,* 87 NY2d 727, 739). Here, the testimony at the hearing revealed that, although the mother has been the primary custodial parent, both parents have a close and loving relationship with the child and have taken active part in his upbringing and well-being. Prior to the mother's move to Georgia, the parties lived close to each other, enabling frequent visitation. During this time, the child developed a strong and loving relationship not only with his father, but also with various members of the father's extended family, who also live in the area. Thus, under the totality of the circumstances, it cannot be said that the child's best interests are served by the relocation (*see, e.g., Matter of Mendoza v Adamson,* 238 AD2d 737; *Matter of Davis v Davis,* 238 AD2d 708; *Matter of Stearns v Baxter,* 171 Misc 2d 398, *affd* 248 AD2d 794). Accordingly, the mother is directed to relocate the child to within a 50-mile radius of the father's residence and, in the event she fails to do so, custody is to be awarded to the father. Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.