■ ADAM R. HARMON, Respondent, v LISA HARMON, Appellant. [679 NYS2d 155] —In a matrimonial action in which the parties were divorced by a judgment dated January 26, 1998, the defendant mother appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered January 29, 1998, as denied her application to relocate with the parties' child to the State of Florida.

Ordered that the judgment is reversed insofar as appealed from, without costs or disbursements, the application for leave to relocate is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an order fixing the terms and conditions of visitation, and allocating the expenses in connection therewith.

When reviewing a custodial parent's request to move to a new locale, the court's primary focus must be on the best interests of the child (*see, Matter of Tropea v Tropea,* 87 NY2d 727). Additional factors may be considered by the court including, but not limited to, the "parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents * * * the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the

move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea, supra*, at 740-741).

Applying these factors to this case, we hold that the Supreme Court improperly denied the mother's application to relocate with the parties' child to the State of Florida, as the record establishes that the best interests of the child are served by granting the mother's application. In this respect, we find that the child would be benefitted in Florida by a considerably better network of support, and that such a finding is not outweighed by other considerations. Rosenblatt, J. P., Miller, Goldstein and McGinity, JJ., concur.