■ In the Matter of ANTHONY CONFORT, Petitioner, v JANINE NICOLAI, Also Known as JANINE LYNCH, Respondent. (Proceeding No. 1.) In the Matter of JANINE NICOLAI, Also Known as JANINE LYNCH, Appellant, v ANTHONY CONFORT, Respondent. (Proceeding No. 2.) [766 NYS2d 63] —In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Sweeney, J.), entered August 5, 2002, as, after a hearing, denied her cross petition to relocate to Florida with the parties' minor children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The father filed a petition to modify an existing custody order which had awarded the mother custody of the parties' children. The mother then filed a cross petition seeking court permission to relocate the children to Florida. The Family Court issued an order restraining the mother from relocating the children outside Suffolk County during the pendency of the subject proceeding. However, before the commencement of the hearing on the petition and cross petition, the mother and her husband purchased a home in Florida and transferred most of their belongings to that home. After the hearing, the Family Court, inter alia, denied the mother's cross petition to relocate to Florida.

When reviewing a custodial parent's request to relocate, the court's primary focus must be on the best interests of the children (*see Matter of Tropea v Tropea,* 87 NY2d 727 [1996]; *Kime v Kime,* 302 AD2d 564 [2003]; *Harmon v Harmon,* 254 AD2d 456 [1998]). Although the mother sought to relocate to Florida for economic advancement and a strong support network, these reasons did not "justify the uprooting of the children from the only area they have ever known, where they are thriving academically and socially, and where a relocation would qualitatively affect their relationship with their father" (*Matter of Mascola v Mascola,* 251 AD2d 414, 415 [1998]). As such, the Family Court, in considering the relevant factors, properly determined that relocation was not in the children's best

interests and properly denied the mother's cross petition (*see Matter of Tropea v Tropea, supra; Matter of Mascola v Mascola, supra*).

The mother's remaining contentions either are without merit or improperly raised for the first time on appeal (*see Campanelli v Flushing Ultrasound Servs.*, 287 AD2d 428, 430 [2001]). Santucci, J.P., Krausman, Townes and Cozier, JJ., concur.