■ ROSEFINA FLORO, Respondent, v THOMAS A. FLORO, Appellant. [771 NYS2d 391]—In an action for a divorce and ancillary relief, the husband appeals from an order of the Supreme Court, Suffolk County (Pines, J.), dated September 26, 2003, which, after a hearing, denied those branches of his motion which were for temporary custody of the parties' son and to direct the wife to return their son to the marital residence.

Ordered that the notice of appeal from a transcript dated June 2, 2003, is deemed to be a premature notice of appeal from the order (*see* CPLR 5520 [c]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The parties were married on December 14, 1997, and have one son, who was born on January 7, 1999. After about five years of marriage the wife took the son, without the husband's consent, and moved from their house in Suffolk County to her brother's house in Denville, New Jersey. Shortly thereafter, the wife served the husband with a summons with notice of an action for a divorce on the grounds of constructive abandonment and cruel and inhuman treatment. The husband moved for the appointment of a Law Guardian, temporary custody of the son, and to direct the wife to return the son to the marital residence. The Supreme Court appointed a Law Guardian and scheduled a hearing to determine the issue of temporary custody.

After the hearing, the Supreme Court awarded temporary custody of the son to the wife and denied the two remaining branches of the husband's motion. In reaching that conclusion, the Supreme Court weighed the relevant factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727 [1996]), and determined that the wife's relocation to New Jersey was in the best interests of the son. Contrary to the husband's contention, the Supreme Court's determination was supported by a sound and substantial basis in the record (*see Matter of Reilly v Schmidt,* 295 AD2d 436 [2002]; *Harmon v Harmon,* 254 AD2d 456 [1998]). Prudenti, P.J., Goldstein, Luciano and Cozier, JJ., concur.