(March 22, 2004)

■ MALKA ADLERSTEIN, Appellant, v JOSEPH ADLERSTEIN, Respondent. [774 NYS2d 784]—

In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated August 14, 2003, as, after a hearing, directed that she return from Toronto, Canada, with the parties' unemancipated son to the marital residence in Queens, New York, within 30 days of the date of the order. By decision and order on motion of this Court dated September 22, 2003, enforcement of that provision of the order was stayed pending hearing and determination of the appeal.

Ordered that the order is modified, as a matter of discretion,

by (1) deleting the words "within (30) days of the date of this decision until further order of the court," and substituting therefore the words "within (10) days after the son's completion of the 2003-2004 academic year and commencement exercises at his current school in Toronto, Canada," and (2) adding a provision directing the plaintiff wife immediately to provide her son with a wireless telephone and to immediately provide the defendant husband with the telephone number assigned to that telephone, and to pay all costs associated with that telephone; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, to set a visitation schedule in accordance herewith.

The issue on appeal is whether the plaintiff, who was awarded temporary custody of the parties' 16-year-old son, should be compelled to return from Toronto, Canada, where she and the son have lived since August 2001, to the marital residence in Queens, New York, in order to facilitate therapy sessions aimed at establishing a healthy father-son relationship. In Toronto, the son attends a Yeshiva boarding school, and is scheduled to graduate high school in the spring of 2004 at the age of 17. Under the totality of the circumstances, it is in the son's best interests to remain in Toronto until he completes the 2003-2004 school year and commencement exercises (see Matter of Tropea v Tropea, 87 NY2d 727 [1996]; Miller v Pipia, 297 AD2d 362, 366 [2002]; Matter of Huston v Jones, 252 AD2d 502 [1998]). In the interim, he and his parents should continue receiving counseling, and the defendant should be permitted to have visitation with his son in Toronto according to a schedule to be determined by the Supreme Court.

In order to facilitate father-son communication, the plaintiff must provide her son with a wireless telephone (hereinafter cell phone) at her expense, and release its telephone number to the defendant. The plaintiff testified at the hearing that she had agreed to provide her son with a cell phone and was willing to pay the cost of telephone communication between the defendant and the son. There is also evidence in the record that the son's only opportunity to telephone the defendant is on Saturday nights from his mother's telephone, and if the defendant is not available to take the call, the defendant cannot return the call since the appellant will not release her telephone number.

This decision and order in no way bears on any pending final determination of custody and visitation. Ritter, J.P., Goldstein, Crane and Rivera, JJ., concur.