■ AKBER AZIZ, Appellant, v GULZAR AZIZ, Respondent. [779 NYS2d 539]—

In an action for a divorce and ancillary relief, the husband appeals from so much of an order of the Supreme Court, Nassau County (Stack, J.), dated September 26, 2003, as, after a hearing, granted the wife's motion for permission to relocate with the parties' son from the County of Nassau to the State of Texas.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to establish a post-relocation visitation schedule.

The parties were married in 1991 and have one son, who was

born on November 1, 2000. In April 2001 the husband voluntarily left the marital residence after the wife alleged that he physically abused her. In August 2001 he commenced this action for a divorce and ancillary relief. Shortly after the husband left, the wife's mother temporarily moved from Texas to New York to care for the child while the wife was at work. By order dated April 5, 2002, the Supreme Court, Nassau County, awarded custody of the child to the wife and liberal visitation to the husband. In May 2003 the wife moved for permission to relocate with the child to Texas because, among other reasons, her mother planned to return to her home.

Contrary to the husband's contention, the Supreme Court properly weighed the relevant factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727 [1996]), and determined that the wife's relocation to Texas will serve the best interests of the child. Among other factors, the wife will have an extensive support network in Texas, which includes her parents, a brother, aunts, uncles, cousins, and a large Muslim community. In addition, the child has a strong emotional bond with his maternal grandmother, who has been his primary care giver for more than two years. The lower cost of living in Texas for the wife will allow her to improve their lifestyle and save for the child's college education. Where, as here, the proposed move will provide economic, emotional, and educational benefits for the child, the custodial parent's request for permission to relocate should be granted (*see Miller v Pipia*, 297 AD2d 362 [2002]; *Thomas v Thomas*, 271 AD2d 726 [2000]; *Harmon v Harmon*, 254 AD2d 456 [1998]; *Matter of Mitchell v Mitchell*, 209 AD2d 845 [1994]). However, the matter must be remitted to the Supreme Court, Nassau County, for a hearing to establish a post-relocation visitation schedule. Ritter, J.P., H. Miller, Goldstein and Mastro, JJ., concur.