■ In the Matter of SCOTT D'ESPOSITO, Respondent, v NOEL FRANCINE KEPLER, Appellant. [788 NYS2d 169]—

In a child custody proceeding, Noel Francine Kepler appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Anixiadis, R.), dated July 16, 2003, as granted the petitioner's motion seeking custody of the parties' child to the extent that it directed her to return to New York City with the child and prohibited either party from removing the child from the State of New York without prior written and notarized consent of the other party and/or the court's permission.

Ordered that the order is modified by deleting the provision prohibiting either party from removing the child from the State of New York without the prior written and notarized consent of the other party and/or the court's permission and substituting therefor a provision prohibiting either party from removing the residence of the child from the State of New York without the prior written consent of the other party or the permission of the court; as so modified, the order is affirmed insofar as appealed from, with costs to the respondent.

The Family Court improvidently exercised its discretion in admitting into evidence the report of the neutral forensic psychologist, since the report was not submitted under oath (*see* 22 NYCRR 202.16 [g] [2]) and relied on information other than that upon which an expert may properly base an opinion (*see Jemmott v Lazofsky,* 5 AD3d 558 [2004]; *Wagman v Bradshaw,* 292 AD2d 84, 86-87 [2002]). Nevertheless, the Family Court providently exercised its discretion in requiring that the residence of the subject child, who had been relocated by the appellant to California, be returned to New York. The fact that the respondent's paternity was not established until after the relocation does not affect the standard to be applied to the court's determination. That standard, which requires consideration of "all of the factors that may be relevant to the determination" as to whether the "proposed relocation would serve the child's best interests" (*Matter of Tropea v Tropea,* 87 NY2d 727, 740-741 [1996]), was properly applied here. Even without considering the expert's report and testimony (*see Matter of Chambers v Bruce,* 292 AD2d 525 [2002]; *Murtari v Murtari,* 249 AD2d 960 [1998]), there was a sound and substantial basis in the record for the Family Court's determination which, therefore, should not be disturbed (*see Klat v Klat,* 176 AD2d 922, 923 [1991]; *Matter of Coyne v Coyne,* 150 AD2d 573, 574 [1989]).

However, it is necessary to the court's purpose of maintaining the respondent's role in the child's life only that the child *reside*

in the state, not that she be forbidden to *leave* the state. Thus, the Family Court's order was unduly restrictive to the extent that it forbade the parties from taking the child out of the state without consent or court approval. Luciano, J.P., Mastro, Spolzino and Skelos, JJ., concur.