■ In the Matter of PETER SCHREURS, Respondent, v ADRIS JOHNSON, Appellant. [811 NYS2d 437]—

In related custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Seiden, R.), dated February 10, 2005, which awarded sole custody of the parties' child to the father, permitted him to relocate with the child to Florida, and established a visitation schedule for the mother.

Ordered that the order is affirmed, without costs or disbursements.

The essential consideration in making an award of custody is the best interests of the child (see *Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]).

In the instant case, although the psychiatrist that completed a forensic evaluation recommended joint custody, he also expressed concern regarding the mother's history of psychotic depression, and her inconsistency or unreliability in complying with her treatment. The Family Court noted that the mother could be a danger to the child should her symptoms reappear, and properly awarded sole custody to the father in the best interests of the child.

The Family Court also properly permitted the father to relocate to Florida with the child. Relocation may be permitted if the custodial parent demonstrates, by a preponderance of the evidence, that the proposed move is in the child's best interests (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]). The factors to be considered "include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*id.*).

In the instant case, the father's job at the Plaza Hotel in New York City had been discontinued, but his employer offered him a similar job at a hotel in Florida near the home of the child's maternal grandmother, with a $20,000 per year raise. The father testified that although his company operated 43 hotels, none of which were in the New York metropolitan area, he chose the one in Florida to be close to the child's mother's family. He also offered to pay the mother's expenses to visit the child in Florida every other weekend. The mother testified that she was flying to Florida regularly to see a psychiatrist there. The Family Court thus properly concluded that it was in the child's best interests to permit the father to relocate with the child to Florida (*see Miller v Pipia*, 297 AD2d 362 [2002]).

The mother's remaining contentions are without merit. Adams, J.P., Santucci, Fisher and Covello, JJ., concur.