■ In the Matter of CRAIG E. ZAMMIT, Appellant, v NICOLE D. NOVELLINO, Respondent. [817 NYS2d 111]—

In a child custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his notice of appeal and brief, from so much of an order of the Family Court, Orange County (Klein, J.), entered July 13, 2005, as, after a hearing, denied his petition to relocate with the parties' child to North Carolina and granted the mother unsupervised visitation.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The father sought permission to relocate with the parties' son to North Carolina solely to enable his mother, the paternal grandmother, to continue to care for the child when the father was at work. The father did not have a better job or housing awaiting him in North Carolina, and did not have a large extended family to assist him there, as he does in New York.

Even assuming that the son had developed a very strong relationship with the paternal grandmother, that alone was an insufficient basis to allow such a relocation. It would almost certainly preclude any possibility of the mother and son reestablishing any meaningful relationship, as the mother is attempting to do at this time. Thus, having considered all the relevant factors, the Family Court properly found that the proposed move was not in the child's best interests and denied the father permission to relocate to North Carolina (*see Matter of Tropea v Tropea*, 87 NY2d 727, 739-742 [1996]; *Matter of Belbol v Stevenson*, 23 AD3d 555 [2005]; *Matter of D'Esposito v Kepler*, 14 AD3d 509 [2005]).

The father's remaining contention is without merit. Prudenti, P.J., Florio, Krausman and Mastro, JJ., concur.