■ In the Matter of Karen Wisloh-Silverman, Appellant, v Frank Dono, Respondent. [834 NYS2d 539]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from so much of an order of the Family Court, Suffolk County (Kelley, Ct Atty Ref), dated October 28, 2005, as denied her petition to relocate the parties' child to Pennsylvania.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, the petition to relocate is granted, and the matter is remitted to the Family Court, Suffolk County, for a hearing to establish an appropriate post-relocation visitation schedule for the father.

With the exception of a brief period of time after the subject child's birth in 1995, the mother has had sole custody of the child. The father visited with the child on alternate weekends and every Tuesday evening for an hour and half, in addition to holidays and vacations during the summer.

In 2005, when the child was 10 years old, the mother, who was expecting a child with her husband, petitioned the Family Court to relocate from Lindenhurst, New York, to Milford, Pennsylvania. In the interim, the mother and her husband sold their Lindenhurst home and purchased a home in the Poconos, mortgage free, with the proceeds from the sale. With a lower cost of living in Pennsylvania and a mortgage-free home, the mother planned to stay home as a parent and homemaker. The stepfather, who was in search of employment, would no longer have to put in a 70-hour work week, which was the case when he ran his own business in New York.

The mother and her husband believed the move would improve the quality of their lives and the child's life. The mother was willing to drive the child back and forth to New York for his visits with the father. The mid-week visit, however, would not be possible due to the distance between the two residences, which was a 2½-hour drive. The father opposed the move primarily due to the loss of the midweek visit, and was not confident that the mother would keep up the visitation. The Family Court heard testimony and denied the relocation petition.

After weighing the appropriate factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727 [1996]), we find that the mother established by a preponderance of the evidence that the child's best interests would be served by permitting the relocation (*see Tornheim v Tornheim*, 28 AD3d 535, 536 [2006]; *Matter of Reilly v Schmidt*, 295 AD2d 436 [2002]). While each request for relocation must be decided on its own merits, the factors to be

considered "include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and the child through suitable visitation arrangements" (*Matter of Tropea v Tropea, supra* at 740-741; *see Aziz v Aziz*, 8 AD3d 596, 597 [2004]; *Amato v Amato*, 202 AD2d 458, 459 [1994]).

The Family Court's finding that the mother would not honor the visitation schedule after the move is not supported by the record. Notwithstanding some difficulties in the past, the record demonstrates that the mother consistently adhered to the visitation schedule with the father. Her desire for the parties' son to continue to have a relationship with his father is demonstrated by her willingness to bear the burden of the driving. We further note that the Law Guardian, who interviewed the child on more than one occasion, and was present throughout the hearing, took the position that the move was consistent with the child's best interests. While the loss of weekday contact is not insignificant, a visitation schedule could be devised that would allow for the continuation of the meaningful relationship between the father and son (*see Matter of Tropea v Tropea, supra* at 742; *Thomas v Thomas*, 271 AD2d 726, 727 [2000]). Therefore, we remit the matter to the Family Court, Suffolk County, for further proceedings to establish a post-relocation visitation schedule (*see Aziz v Aziz, supra* at 597). Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.