■ In the Matter of AMANDA FRIEDMAN, Formerly Known as AMANDA VAN HOLT, Appellant, v DAVID ROME, Respondent. [847 NYS2d 616]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (McCormack, J.), dated

January 18, 2007, as denied her petition for leave to relocate with the subject children to California.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties are divorced and have joint legal custody of their two young children. The mother has physical custody and has been a full time mother to the children since shortly after the parties separated. The father has visitation with the children every week and every other weekend, which he has never missed. He also attends parent-teacher conferences and is involved in the children's extracurricular and school activities. The mother seeks to relocate the children to California, where her current husband has moved for an employment opportunity.

The record contains a sound and substantial basis for the Family Court's determination denying the mother's petition for leave to relocate with the children to California (*see Matter of Brzozowski v Brzozowski*, 30 AD3d 517, 518 [2006]; *see generally Matter of Turnure v Turnure*, 37 AD3d 727, 728 [2007]; *Matter of Magwood v Martinez*, 35 AD3d 743 [2006]). When reviewing a custodial parent's request to relocate, the court's primary focus must be on the best interests of the children (*see Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *Matter of Brzozowski v Brzozowski*, 30 AD3d at 518; *Matter of Confort v Nicolai*, 309 AD2d 861, 862 [2003]). Although the mother sought to relocate to meet the demands of her second marriage, which are "valid motives" (*Matter of Tropea v Tropea*, 87 NY2d at 540), the mother failed to demonstrate that her reasons justify "the uprooting of the children from the only area they have ever known, where they are thriving academically and socially, and where a relocation would qualitatively affect their relationship with their father" (*Matter of Confort v Nicolai*, 309 AD2d 861, 861 [2003] [internal quotation marks omitted]; *Matter of Mascola v Mascola*, 251 AD2d 414, 415 [1998]). Thus, the Family Court, in considering the relevant factors, properly determined that relocation was not in the children's best interests (*Matter of Tropea v Tropea*, 87 NY2d 727 [1996]; *Matter of Brzozowski v Brzozowski*, 30 AD3d 517, 518 [2006]; *Matter of Confort v Nicolai*, 309 AD2d 861, 862 [2003]; *Matter of Mascola v Mascola*, 251 AD2d 414, 415 [1998]). Prudenti, P.J., Mastro, Santucci and Lifson, JJ., concur.