■ BARBARA BRUNO, Respondent, v GEORGE BRUNO, Appellant.
[849 NYS2d 598]—

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Fitzmaurice, J.), dated May 24, 2006, as, after a nonjury trial, granted that branch of the plaintiff's motion which was for leave to relocate to the State of Florida with the subject child, and (2) from an order of protection of the same court, also dated May 24, 2006.

Ordered that the appeal from the order of protection is dismissed as abandoned; and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The Supreme Court's determination that relocation of the child with the mother to the State of Florida was in the best interests of the child is supported by a sound and substantial basis in the record (*see Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Kaplan v Kaplan*, 21 AD3d 993 [2005]). Through her testimony and exhibits, the mother showed by a preponderance of the evidence that the move would enhance the child's life economically, socially, and educationally (*see Matter of Tropea v Tropea*, 87 NY2d at 740-741; *Matter of Wisloh-Silverman v Dono*, 39 AD3d 555, 556-557 [2007]; *Matter of Vega v Pollack*, 21 AD3d 495, 496-497 [2005]; *Miller v Pipia*, 297 AD2d 362, 366 [2002]).

Although the forensic psychologist concluded that the move would harm the child emotionally and recommended denying the mother's motion, the court was not required to accept the psychologist's conclusions or recommendations (*see Neuman v Neuman*, 19 AD3d 383, 384 [2005]; *Vinciguerra v Vinciguerra*, 294 AD2d 565, 566 [2002]; *Matter of Maysonet v Contreras*, 290 AD2d 510 [2002]). The record supports the court's determination, based on its own observations and the testimony of all of the witnesses, that the psychologist was "woefully under-informed" in concluding that the father had benefitted from his psychotherapy and anger management courses and was no longer a threat to the mother (*see Berstell v Krasa-Berstell*, 272 AD2d 566, 566-567 [2000]). Among other things, the court

observed the father's demeanor and took note of the "numerous occasions the court had to admonish Defendant for his gestures, glaring and facial expressions and utterances directed at Plaintiff during her testimony."

While the father's loss of frequent visitation is not insignificant, the visitation schedule provided by the court allows for the continuation of a meaningful relationship between the father and the child (*see Matter of Tropea v Tropea*, 87 NY2d at 742; *Matter of Cooke v Alaimo*, 44 AD3d 655 [2007]; *Matter of Wilsoh-Silverman v Dono*, 39 AD3d at 557). Ritter, J.P., Florio, McCarthy and Dickerson, JJ., concur.