■ THOMAS H. NOBLE, Appellant, v MOIRA C. NOBLE, Respondent. [860 NYS2d 140]—

In an action for a divorce and ancillary relief, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Zimmerman, J.), dated August 28, 2007, as, after a hearing, denied his motion to prohibit the mother from removing the parties' three children from Nassau County during the pendency of the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the father's motion to prohibit the mother from relocating with the parties' three children from Long Island to upstate New York. A relocation request must be considered on its own merits "with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea,* 87 NY2d 727, 739 [1996]). Factors relevant to a court's determination include, but are not limited to, "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity

and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*id*. at 740-741).

Here, the mother established, by a preponderance of the evidence (*see Matter of Schreurs v Johnson*, 27 AD3d 654, 655 [2006]), that the proposed relocation was in the children's best interests. The evidence presented by the mother was sufficient to show that the move would provide economic, emotional, and educational benefits for herself and the children (*see Bruno v Bruno*, 47 AD3d 606, 607 [2008]; *Aziz v Aziz*, 8 AD3d 596, 597 [2004]) and would not preclude meaningful and regular contact between the father and the children (*see Matter of Cooke v Alaimo*, 44 AD3d 655 [2007]; *Matter of Wisloh-Silverman v Dono*, 39 AD3d 555, 557 [2007]). Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.