■ In the Matter of CRO-ANN ANDERSON, Appellant, v GULF INSURANCE COMPANY, Respondent. [880 NYS2d 541]—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated August 27, 2004, the petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated April 3, 2008, as, upon reargument, granted that branch of the motion of Gulf Insurance Company which was to vacate the arbitration award to the extent of reducing it to the sum of $25,000, and, in effect, denied the petition.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Following a hearing, the arbitrator directed the respondent to pay the petitioner "the maximum available SUM coverage up to $750,000." The Supreme Court correctly determined that the maximum available SUM coverage was $25,000. Accordingly, the Supreme Court, upon reargument, correctly granted that branch of the respondent's motion which was to vacate the arbitration award to the extent of reducing it to the sum of $25,000, and, in effect, denied the petition. Fisher, J.P., Dillon, Covello and Dickerson, JJ., concur.

■ In the Matter of JONATHAN ARROYO, Respondent, v ABBY JEAN THOMPSON, Appellant. (Proceeding No. 1.) In the Matter of ABBY JEAN THOMPSON, Appellant, v JONATHAN ARROYO, Respondent. (Proceeding No. 2.) [880 NYS2d 540]—In two related child custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Burke, R.), dated March 28, 2008, as, after a hearing, denied that branch of her petition which was for permission to relocate to Ohio with the parties' child.

Ordered that the order is affirmed insofar as appealed from, with costs.

The record contains a sound and substantial basis for the Family Court's denial of that branch of the mother's petition which was for permission to relocate to Ohio with the parties' child (*see Matter of Tropea v Tropea,* 87 NY2d 727 [1996]). The evidence did not demonstrate that relocation to Ohio was in the best interests of the child (*see Matter of Said v Said,* 61 AD3d 879 [2009]). Fisher, J.P., Dillon, Covello and Dickerson, JJ., concur.