In the Matter of DAWN MARTINO, Appellant, v PETER RAMOS, JR., Respondent. [884 NYS2d 427]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Lechtrecker, Ct. Atty. Ref.), dated July 15, 2008, which, after a hearing, denied her petition to modify an undated order of the same court (Kelley, Ct. Atty. Ref.), inter alia, awarding her sole custody of the parties' child, to allow her to relocate from New York to South Carolina with the subject child.

Ordered that the order is affirmed, without costs or disbursements.

When reviewing a custodial parent's request to relocate, the court's primary focus must be on the best interests of the child (*see Matter of Tropea v Tropea,* 87 NY2d 727, 739 [1996]; *Eschbach v Eschbach,* 56 NY2d 167, 174 [1982]). "Relocation may be permitted if the custodial parent demonstrates, by a preponderance of the evidence, that the proposed move is in the child's best interests" (*Matter of Schreurs v Johnson,* 27 AD3d 654, 655 [2006]; *see Noble v Noble,* 52 AD3d 490, 491 [2008]).

When evaluating whether a proposed move will serve a child's best interests, the factors to be considered "include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea,* 87 NY2d at 740-741; *see Matter of Schreurs v Johnson,* 27 AD3d at 655).

Despite the multitude of factors that may properly be considered in the context of a relocation petition, "the impact of the move on the relationship between the child and the

noncustodial parent will remain a central concern" (*Matter of Tropea v Tropea,* 87 NY2d at 739). "Indeed, even where the move would leave the noncustodial parent with what may be considered 'meaningful access,' there is still a need to weigh the effect of the quantitative and qualitative losses that naturally will result against such other relevant factors as the custodial parent's reasons for wanting to relocate and the benefits that the child may enjoy or the harm that may ensue if the move is or is not permitted" (*id.* at 739).

In this case, after consideration of the relevant factors, the Family Court found that the mother failed to demonstrate, prima facie, that relocation was in the child's best interest (*see Matter of Rotering v Rotering,* 6 AD3d 718 [2004]). It is undisputed that the father has exercised his visitation almost every weekend since the parties' separation and has remained active in the child's life (*see Matter of Friedman v Rome,* 46 AD3d 682, 683 [2007]; *Matter of Ganzenmuller v Rivera,* 40 AD3d 756, 757 [2007]; *Matter of Huston v Jones,* 252 AD2d 502, 503 [1998]). Although the mother presented evidence to show that relocation to South Carolina would decrease her housing costs, her reasons for moving did not " 'justify the uprooting of the [child] from the only area [he has] ever known, where [he is] thriving academically and socially, and where a relocation would qualitatively affect [his] relationship with [his] father' " (*Matter of Confort v Nicolai,* 309 AD2d 861, 861 [2003]; *see Matter of Friedman v Rome,* 46 AD3d at 683; *Matter of Mascola v Mascola,* 251 AD2d 414, 415 [1998]). Accordingly, the record provides a sound and substantial basis for the Family Court's determination that the mother failed to demonstrate, by a preponderance of the evidence, that the proposed relocation would be in the child's best interest (*see Scannevin v Scannevin,* 51 AD3d 901, 902 [2008]; *Matter of Giraldo v Gomez,* 49 AD3d 645 [2008]; *Rutigliano v Rutigliano,* 5 AD3d 581 [2004]; *Kime v Kime,* 302 AD2d 564 [2003]). Rivera, J.P., Skelos, Balkin and Leventhal, JJ., concur.