■ In the Matter of SAHARA K., an Infant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; HERLONE K., Respondent. [888 NYS2d 132]—

In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals, as limited by its brief, from so much of an order of fact-finding and disposition of the Family Court, Nassau County (Dane, J.), dated March 17, 2009, as, after a hearing, denied its application to release the child to the custody of the nonrespondent mother, awarded the respondent father unsupervised visitation with the child as approved by the

foster parents, and declined its request to issue an order of protection against the father. By decision and order on motion dated April 16, 2009, and continued by decision and order dated June 11, 2009, this Court stayed enforcement of so much of the order as awarded the father unsupervised visitation with the subject child as approved by the foster parents.

Ordered that the order of fact-finding and disposition is modified, on the law, by deleting the provision thereof awarding the father unsupervised visitation with the child as approved by the foster parents, and substituting therefor a provision directing that the father shall have supervised visitation; as so modified, the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, to set a visitation schedule.

The petitioner argues that the Family Court should not have continued placement of the subject child in foster care but, rather, should have released the child to the custody of the nonrespondent mother. We disagree. Where, as here, there is evidence that the parent is unable to care for the child and that continued placement in a foster home would be in the child's best interests, the Family Court should extend placement of the neglected child (*see* Family Ct Act § 1055 [b]; *Matter of Sunshine A.Y.*, 88 AD2d 662, 663 [1982]). The record in this case reveals that the mother had committed a violent felony against the respondent father, and that she had either one or two other arrests for engaging in assaultive behavior. Since the psychological evaluation did not shed any light on the mother's ability to parent the child, we agree with the Family Court that the child should remain in foster care pending further forensic evaluation of the parties.

The Family Court improvidently exercised its discretion in awarding unsupervised visitation to the father at this juncture. The court, however, is directed to revisit the question of whether the father's visitation with the child needs to be supervised after the completion of a full forensic evaluation of the father.

The remaining contention of the appellant and the attorney for the child is without merit. Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.