■ In the Matter of NAKITA SYLVAIN, Appellant, v RYAN PAUL, Respondent. (Appeal No. 1.) In the Matter of RYAN PAUL, Respondent, v NAKITA SYLVAIN, Appellant. (Appeal No. 2.) [890 NYS2d 624]—

"In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child" (*Matter of Awan v Awan*, 63 AD3d 733, 734 [2009]; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of*

*Conforti v Conforti*, 46 AD3d 877, 877-878 [2007]; *see Matter of David J.B. v Monique H.*, 52 AD3d 414 [2008]).

Here, there was a sound and substantial basis in the record for the Family Court's determination to deny the mother's petition for custody of the parties' child and her separate petition to modify a prior order of visitation so as to allow her to relocate with the child to Florida (*see Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]). The mother's claims that the schools in Florida were better than those in New York and that she had a greater possibility of gaining employment in Florida were not substantiated by any evidence in the record. Further, the mother failed to establish that her request for relocation should be granted based on economic necessity (*cf. Matter of Wirth v Wirth*, 56 AD3d 787 [2008]). Contrary to the mother's contention, her desire to move to Florida to live with her new husband, who resided in Florida where he was employed as a truck driver, was not, under the circumstances of this case, a sufficient justification to warrant relocating the child away from his father and the father's extended family, with whom the child has strong, loving relationships (*see Matter of Zammit v Novellino*, 30 AD3d 534 [2006]; *Matter of Huston v Jones*, 252 AD2d 502 [1998]; *Bleck v Brown*, 217 AD2d 766, 767 [1995]). Moreover, there was a sound and substantial basis for the Family Court's determination to award sole legal custody of the child to the father, while continuing the shared residential custody in place during the pendency of the custody proceeding in order to maintain the parties' "long history of cooperative planning."

The remaining contentions of the mother and the attorney for the child are either not properly before this Court or without merit. Dillon, J.P., Dickerson, Belen and Roman, JJ., concur.