▆ In the Matter of NILDA JAVE, Appellant, v ISSAM DANIAL, Respondent. [895 NYS2d 140]—In related child custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Cerrato, J.), dated August 21, 2008, as, after a hearing, denied that branch of her petition which was for permission to relocate to the State of Maryland with the parties' children, and awarded the father unsupervised visitation.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof, in effect, awarding the father unsupervised visitation with the children, and substituting therefor a provision directing that the father shall have supervised visitation with the children; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, to determine who shall supervise visitation, to set a visitation schedule, and to direct a full forensic evaluation of the father and the preparation and completion of a home study, after which the Family Court, Westchester County, shall make a new determination as to whether the father's visitation with the children needs to be supervised.

The record contains a sound and substantial basis for the court's denial of that branch of the mother's petition which was for permission to relocate to the State of Maryland with the parties' children (*see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]). The mother failed, on this record, to demonstrate by a preponderance of the evidence that relocation to Maryland was in the best interests of the children (*see Matter of Arroyo v Thompson*, 63 AD3d 921 [2009]).

· However, the court improvidently exercised its discretion in awarding unsupervised visitation to the father at this juncture (*see Matter of Sahara K.*, 66 AD3d 1024 [2009]; *see also Matter of Bullinger v Costa*, 63 AD3d 735 [2009]; *Matter of Powell v Blumenthal*, 35 AD3d 615, 616-617 [2006]). Under the circumstances of this case, the Family Court must make a new determination as to whether the father's visitation with the children needs to be supervised after the completion of a full forensic evaluation of the father and a home study (*see Matter of Sahara K.*, 66 AD3d 1024 [2009]).

The remaining contention of the mother and the attorney for the children is without merit. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.