In the Matter of SHAWN MESSLER, Appellant, v MARKO SIMOVIC, Respondent. (Proceeding No. 1.) In the Matter of MARKO SIMOVIC, Respondent, v SHAWN MESSLER, Appellant. (Proceeding No. 2.) [900 NYS2d 890]—

In related proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from (1) so much of an order of the Family Court, Queens County (Ebrahimoff, Ct. Atty. Ref.), dated August 12, 2008, as, after a hearing, denied that branch of her petition which was for permission to relocate to North Carolina with the parties' child, and (2) so much of an order of the same court dated December 19, 2008, as prohibited her from relocating the child outside of New York City or adjoining counties in New York without the father's written consent or court order.

Ordered that the appeal from the order dated August 12, 2008, is dismissed, as that order was superseded by the order dated December 19, 2008; and it is further,

Ordered that the order dated December 19, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the father.

The Family Court properly denied that branch of the mother's motion which was for permission to relocate to North Carolina with the parties' child, since the mother did not establish, by a preponderance of the evidence, that the proposed relocation would be in the child's best interests (*see Matter of Tropea v Tropea,* 87 NY2d 727, 741 [1996]). The father has visitation with the child on alternate weekends and twice a month midweek for three hours, which he has never missed. The mother sought permission to relocate with the parties' child to North

Carolina to live with the maternal grandmother, who would care for the child while the mother attended college to obtain a degree in special education. These reasons did not "justify the uprooting of the [child] from the only area [he has] ever known, where [he is] thriving academically and socially, and where a relocation would qualitatively affect [his] relationship with [his] father" (*Matter of Confort v Nicolai*, 309 AD2d 861, 861 [2003] [internal quotation marks omitted]; *see Rubio v Rubio*, 71 AD3d 862 [2010]; *Matter of Martino v Ramos*, 64 AD3d 657 [2009]; *Matter of Friedman v Rome*, 46 AD3d 682 [2007]; *Matter of Zammit v Novellino*, 30 AD3d 534 [2006]). Rivera, J.P., Florio, Miller and Austin, JJ., concur.