Order, Family Court, Bronx County (Sara E Cooper, Ref.), entered on or about April 30, 2009, which awarded custody of the parties’ two infant children to respondent father, and denied the mother’s petition for custody and relocation, unanimously affirmed, without costs.
Fetitioner asserts that she should be granted custody of the children because she was their primary caretaker from 2002 to 2007. However, since that time, the children have lived with the respondent and his parents in a stable and loving home. The evidence established that respondent is gainfully employed, and has adjusted his work schedule so he could be with the children in the evenings. He has been actively involved in their education, and was able to obtain special services in order to address their special problems.
By contrast, petitioner has blamed her lack of involvement in the children’s lives on respondent, despite the fact that she failed to take steps to inform herself about their educational and emotional difficulties by contacting their schools. Despite employment for part of the period, she failed to provide any financial support for the children, and defied a court order prohibiting contact between them and the father of one of her other children, due to his violent conduct toward her in the children’s presence.
Fetitioner also failed to demonstrate that relocation to Connecticut was in the best interests of the children (see Matter of Friedman v Rome, 46 AD3d 682 [2007]). She explained her relocation as a necessary change to a safer environment, even while admitting that the area where the children now reside is safe. The referee properly concluded that any benefits of relocation would not outweigh the harm resulting from disruption to the children’s relationship with their father.
*911 We have reviewed petitioner’s other arguments and find them without merit. Concur—Gonzalez, P.J., Andrias, Acosta, Renwick and Abdus-Salaam, JJ.