■ In the Matter of LAURA RAFFA, Also Known as LAURA JAMES, Appellant, v JOHN C. RAFFA, Respondent. [945 NYS2d 766]—

In a visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Phillips, Ct. Atty. Ref.), dated August 5, 2011, which, after a hearing, denied her petition for leave to relocate with the parties' child to Virginia.

Ordered that the order is affirmed, with costs.

The parties were divorced in 2006 and have joint legal custody of the child. The mother has physical custody and the father has visitation on Tuesday and Thursday evenings and every other weekend, along with split holidays and vacations. The father has never missed a weekend visitation and only missed

weekday visitations twice: once when the child was sick and once when he could not return to town due to a flight delay. He also attends parent-teacher meetings and is involved in the child's extracurricular and school activities. The mother seeks leave to relocate with the child to Virginia, where her current husband was offered an employment opportunity.

The record contains a sound and substantial basis for the Family Court's determination denying the mother's petition for leave to relocate with the child to Virginia (*see Matter of Friedman v Rome*, 46 AD3d 682, 683 [2007]). When reviewing a custodial parent's request to relocate, the court's primary focus must be on the best interests of the child (*see Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]). Although the mother presented evidence showing that relocation to Virginia would decrease her housing costs and would serve the demands of her second marriage, she failed to demonstrate that her reasons "justify the uprooting" of the child from the only area the child has ever known, where she is "thriving academically and socially, and where a relocation would qualitatively affect [her] relationship with [her] father" (*Matter of Confort v Nicolai*, 309 AD2d 861, 861 [2003] [internal quotation marks omitted]; *see Matter of Martino v Ramos*, 64 AD3d 657, 658 [2009]; *Matter of Friedman v Rome*, 46 AD3d at 683). Thus, the Family Court, in considering the relevant factors, properly determined that relocation was not in the child's best interests (*see Matter of Tropea v Tropea*, 87 NY2d at 740-741). Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.