■ In the Matter of MELISSA ROSS, Appellant, v QUINN S. HODGES, Respondent. [987 NYS2d 107]—

In a child custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Fondulis, Ct. Atty. Ref.), dated February 26, 2013, which, after a hearing, denied the mother's petition for permission to relocate to Ohio with the subject child.

Ordered that the order is affirmed, with costs.

A parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests (see Matter of Caruso v Cruz, 114 AD3d 769, 771 [2014]). In determining whether relocation is appropriate, the court must consider a number of factors, which include "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's

future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]). In assessing these factors, "no single factor should be treated as dispositive or given such disproportionate weight as to predetermine the outcome" (*id.* at 738). However, "the impact of the move on the relationship between the child and the noncustodial parent will remain a central concern" (*id.* at 739). "In the end, it is for the court to determine, based on all of the proof, whether it has been established by a preponderance of the evidence that a proposed relocation would serve the child's best interests" (*id.* at 741). In relocation proceedings, this Court's authority is as broad as that of the hearing court, and a relocation determination will not be permitted to stand unless it is supported by a sound and substantial basis in the record (*see Matter of Caruso v Cruz*, 114 AD3d at 771-772).

Here, the Family Court's determination that the relocation was not in the child's best interests was supported by a sound and substantial basis in the record (*see Rubio v Rubio*, 71 AD3d 862, 862-863 [2010]; *Matter of Jave v Danial*, 70 AD3d 696 [2010]; *Matter of Arroyo v Thompson*, 63 AD3d 921 [2009]; *Matter of Sylvain v Paul*, 68 AD3d 883 [2009]). The mother's employment situation in Ohio was not permanent despite the fact that she had already been living there for almost eight months, the father's visitation with the child would be dramatically reduced by the relocation, and the mother failed to demonstrate by a preponderance of the evidence that the proposed move would enhance the child's life economically, emotionally, and educationally (*see Rubio v Rubio*, 71 AD3d at 862-863; *Matter of Jave v Danial*, 70 AD3d 696 [2010]; *Matter of Arroyo v Thompson*, 63 AD3d 921 [2009]; *Matter of Sylvain v Paul*, 68 AD3d 883 [2009]; *compare Bruno v Bruno*, 47 AD3d 606 [2008]). Mastro, J.P., Leventhal, Chambers and Austin, JJ., concur.