Appeal by the mother from an order of the Family Court, Rockland County (Sherri L. Eisenpress, J.), entered August 17, 2016. The order, after a hearing, denied her petition, inter alia, for permission to relocate with the parties’ child to California.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The parties, who were never married, have one child together. After they lived together for a brief period, the parties separated in 2007, when the child was approximately one year old. In an order dated December 7, 2007, the parties were awarded joint legal custody, with primary residential custody to the mother, and the child resided with the mother in Rockland County. In 2016, the mother filed a petition which sought permission to relocate with the child to California and to modify the father’s visitation schedule. After a hearing, the Family Court denied the mother’s petition. The mother appeals.
 

 A parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child’s best interests (see Matter of Caruso v Cruz, 114 AD3d 769, 771 [2014]). Here, the Family Court properly determined that the mother failed to establish, by a preponderance of the evidence, that a proposed relocation to California would serve the child’s best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 741 [1996]; Miller v Pipia, 297 AD2d 362 [2002]). The court considered and gave appropriate weight to all of the relevant factors, including, but not limited to, each parent’s reasons for seeking or opposing the move, the quality of the relationships between the child and each parent, the impact of the move on the quantity and quality of the child’s future contact with the father, the degree to which the mother’s and the child’s lives might be enhanced economically, emotionally, and educationally by the move, and the feasability of preserving the relationship between the father and child through suitable visitation arrangements (see Matter of Tropea v Tropea, 87 NY2d at 740-741). The mother failed to prove that her life and the child’s life would be enhanced economically, emotionally, and educationally by the move (see Matter of Ross v Hodges, 118 AD3d 710, 711 [2014]; Matter of McBryde v Bodden, 91 AD3d 781, 782 [2012]). Although the mother established that she would be able to continue to rely on her mother for monetary support, the mother’s proposed economic situation in California was tenuous at best (see Rubio v Rubio, 71 AD3d 862, 863-864 [2010]).
 

 Furthermore, the impact of a move on the relationship between the child and the noncustodial parent is a central concern (see Matter of Caruso v Cruz, 114 AD3d at 771). Here, the mother failed to establish that the proposed move would not have a negative impact on the quantity and quality of the child’s future contact with the father.
 

 Accordingly, the Family Court properly denied the mother’s petition, inter alia, for permission to relocate with the child to California.
 

 Leventhal, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.