Matter of Ashley P. v Johnathan G. (2020 NY Slip Op 06865)





Matter of Ashley P. v Johnathan G.


2020 NY Slip Op 06865


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Gische, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Docket No. V-289-14/18IV-28913-14/18K Appeal No. 12420 Case No. 2019-05124 

[*1]In the Matter of Ashley P., Petitioner-Appellant,
v
Johnathan G., Sr., Respondent-Respondent.


Richard L. Herzfeld, PC, New York (Richard L. Herzfeld of counsel), for appellant.
The Law Office of Karen D. Steinberg, New York (Karen D. Steinberg of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the child.



Order, Family Court, Bronx County (Aija M. Tingling, J.), entered on or about October 4, 2019, which, after a hearing, inter alia, denied petitioner-mother's application to modify a prior order of custody and for permission to relocate to Texas with the subject child, unanimously affirmed, without costs.
The court properly concluded that the mother failed to establish a change in [*2]circumstances such that joint custody was no longer viable (see Dwyer-Hayde v Forcier, 67 AD3d 1011 [2d Dept 2009], lv denied 14 NY3d 703 [2010]; thus, her petition for sole legal custody was properly denied.
The mother's application to relocate with the child to Texas was also properly denied since she failed to demonstrate by a preponderance of the evidence that the proposed relocation was in the child's best interest (see Davis v Davis, 238 AD2d 708, 709-710 [3d Dept 1997]). Relocation of the subject child would substantially inhibit and interfere with the father's parenting time and the proposed benefits to the child were speculative. Moreover, the father established that he is capable of functioning as the child's primary physical custodian at this time (see Diffin v Towne, 47 AD3d 988, 991 [3d Dept 2008], lv denied 10 NY3d 710[2008]). Shared parenting time to be determined by the parties is appropriate as they have been coordinating parenting time outside of the custody order for years.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020