■ In the Matter of RICHARD OLSON, Appellant, v RANDI OLSON, Respondent. [777 NYS2d 695]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Lynaugh, J.), entered October 8, 2002, as awarded custody of the parties' two children to the mother and established a visitation schedule for him.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a custody proceeding, the court's paramount concern is to determine what is in the best interests of the child (*see Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]). Toward that end, the court must consider the totality of the circumstances, including the relative fitness of the parents and the quality of their respective home environments (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Kuncman v Kuncman*, 188 AD2d 517 [1992]). Since the hearing court is in the best position to evaluate the credibility of the witnesses, as well as the character and sincerity of the parties, its determination is entitled to great deference on appeal and will not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946 [1985]; *Klat v Klat*, 176

AD2d 922 [1991]; *Matter of Coyne v Coyne,* 150 AD2d 573 [1989]).

Here, the Family Court's custody decision is amply supported by the record. Although there was evidence that the father was a loving parent, the Family Court concluded that it was in the children's best interests to reside with their mother, who had been their primary caretaker for most of their lives and was better able to provide for their emotional and intellectual development. Contrary to the father's contention, there was also a sound basis for disregarding the recommendation of the children's therapist, who had never interviewed the mother or observed her interaction with the children (*see Young v Young,* 212 AD2d 114 [1995]; *Matter of Rebecca B.,* 204 AD2d 57 [1994]; *Matter of Williams v Williams,* 188 AD2d 906 [1992]; *Matter of Gloria S. v Richard B.,* 80 AD2d 72 [1981]). Moreover, the liberal visitation schedule gives the father a meaningful opportunity to maintain a close relationship with the children (*see Matter of Tropea v Tropea,* 87 NY2d 727 [1996]).

Pursuant to a decision and order on motion dated April 23, 2003, this Court directed the Family Court to conduct a reconstruction hearing with respect to those portions of the custody proceeding that could not be transcribed because the tape recordings were inaudible. As the father failed to establish that the reconstruction hearing was inadequate to protect his right to appeal, there is no need to remit the matter to the Family Court for a new custody hearing (*see Matter of Nellie R. v Betty S.,* 187 AD2d 597 [1992]; *People v Andino,* 183 AD2d 834 [1992]). Ritter, J.P., Townes, Mastro and Skelos, JJ., concur.