■ In the Matter of CURTIS VANN, Respondent, v JENNIFER VANN, Appellant, et al., Respondent. [789 NYS2d 261]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Bivona, J.), entered January 14, 2004, which, after a hearing, awarded custody of the subject children to the father.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the mother's contentions, the Family Court correctly awarded custody of the parties' daughters, who were 14 and 9 years old, respectively, at the time of the award, to the father. "Custody determinations are ordinarily a matter of discretion for the hearing court, whose determination will not be set aside on appeal unless it lacks a sound and substantial

basis in the record" (*Matter of Ortiz v Maharaj,* 8 AD3d 574 [2004]). The hearing court's findings must be afforded great weight on appeal because it had the opportunity "to observe the demeanor of the witnesses . . . as well as the desire of the child[ren] whose custody is in issue" (*Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946, 947 [1985] [citations omitted]; *see Matter of Olson v Olson,* 8 AD3d 285 [2004]).

The paramount concern in a custody dispute is to determine the best interests of the child (*see* Domestic Relations Law § 70; *Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]). Factors to be considered in determining the child's best interests include: "the quality of the home environment and the parental guidance the custodial parent provides for the child . . . the ability of each parent to provide for the child's . . . emotional and intellectual development . . . the financial status and ability of each parent to provide for the child . . . the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect" (*Matter of Krebsbach v Gallagher,* 181 AD2d 363, 364 [1992]).

Here, the Family Court conducted a full hearing in which it observed the testimony of the parties and a social worker, and interviewed the children in camera. Based on our review of the record, the Family Court weighed the appropriate factors and properly awarded custody of the children to the father (*see Matter of Olson v Olson, supra; Matter of Walton v Walton,* 306 AD2d 491, 492 [2003]). Florio, J.P., Adams, S. Miller and Goldstein, JJ., concur.