■ In the Matter of JIM SHEHATA, Respondent, v ELIZABETH SHEHATA, Appellant. [818 NYS2d 623]—

In a custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Klein, R.), dated September 13, 2005, as, after a hearing, granted the father's petition to transfer sole custody of the subject child to him.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent.

A modification of an existing custody arrangement should be allowed only upon a showing of a sufficient change in circumstances demonstrating a real need for a change in order to insure the child's best interests (see Matter of McCauliffe v Peace, 176 AD2d 382, 383 [1991]; see also Matter of Rawlins v

*Barth,* 21 AD3d 495 [2005]; *Bobinski v Bobinski,* 9 AD3d 441 [2004]; *Matter of Gaudette v Gaudette,* 262 AD2d 804, 805 [1999]). Here, the father made a showing that approximately five months before the hearing on the petition, the 14-year-old child, of his own accord, traveled from the mother's home in Long Island to the father's home in Maine, and that the child did not wish to return.

In determining whether a custody agreement should be modified, the paramount issue before the court is whether, under the totality of the circumstances, a modification of custody is in the best interests of the child (*see Cuccurullo v Cuccurullo,* 21 AD3d 983, 984 [2005]; *Teuschler v Teuschler,* 242 AD2d 289, 290 [1997]; *Kuncman v Kuncman,* 188 AD2d 517, 518 [1992]). Courts making such determinations weigh several factors of varying degrees of importance, including, inter alia, (1) the original placement of the child, (2) the length of that placement, (3) the child's desires, (4) the relative fitness of the parents, (5) the quality of the home environment, (6) the parental guidance given to the child, (7) the parent's financial status, and (8) his or her ability to provide for the child's emotional and intellectual development (*see Cuccurullo v Cuccurullo, supra; Kuncman v Kuncman, supra*). Because any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, great deference is accorded the court's findings (*see Eschbach v Eschbach,* 56 NY2d 167, 173 [1982]). Its findings "will not be disturbed unless they lack a sound and substantial basis in the record" (*Kuncman v Kuncman, supra* at 518).

The hearing court had the opportunity to observe and receive testimony from the parties, a licensed social worker, and the subject child. There was evidence that the relationship between the mother and the subject child had deteriorated to the extent that the mother filed a PINS petition against the child (*see* Family Ct Act art 7), the mother and the child engaged in verbal and physical altercations, and the child's performance in school was negatively impacted as a result. The hearing court weighed the appropriate factors and properly awarded custody to the father (*see Eschbach v Eschbach, supra; Cuccurullo v Cuccurullo, supra; Matter of Venette v Rhodes,* 301 AD2d 608, 609 [2003]; *Matter of Canazon v Canazon,* 215 AD2d 652, 653 [1995]). Florio, J.P., Skelos, Fisher and Dillon, JJ., concur.