■ In the Matter of GLENN GANZENMULLER, Respondent, v KERIN RIVERA, Appellant. [835 NYS2d 673]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (MacKenzie, J.), entered October 31, 2005, which, after a hearing, in effect, granted that branch of the father's petition which was to modify a prior order of the Family Court, Queens County (Seiden, Ct Atty Ref), dated June 10, 2003, awarding the parties joint custody of their child, awarded him sole custody of the parties' child, and denied that branch of her cross petition which was to relocate with the child to the state of New Jersey.

Ordered that the order is affirmed, without costs or disbursements.

Custody determinations depend to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties. A determination of custody should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Brian S. v Stephanie P.*, 34 AD3d 685, 686 [2006], *lv denied* 8 NY3d 805 [2007]; *Matter of James v Hickey*, 6 AD3d 536, 537 [2004]). Priority in custody disputes should usually be given to the parent who was first awarded custody by the court or by voluntary agreement for the sake of stability in the child's life (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Salvati v Salvati*, 221 AD2d 541, 542 [1995]; *Matter of Lobo v*

*Muttee*, 196 AD2d 585, 587 [1993]). However, the essential consideration in any child custody controversy is the best interests of the child (*see* Domestic Relations Law § 70 [a]; *Eschbach v Eschbach, supra*). The hearing court may order a change in custody if the totality of the circumstances warrants a modification in the best interests of the child (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]; *Matter of Brian S. v Stephanie P., supra* at 686).

Here, the Family Court's determination that the best interests of the child would be served by awarding sole custody to the father had a sound and substantial basis in the record and should not be disturbed (*see Eschbach v Eschbach, supra* at 174). The evidence presented at the hearing, including the circumstances surrounding the mother's relocation to the state of New Jersey, without prior notice or judicial approval, supported the Family Court's finding that the father was better equipped to offer this special needs child a more stable home environment in the presence of extended family members and to provide for the child's special emotional, intellectual, and developmental needs (*contra Matter of Robert T.F. v Rosemary F.*, 148 AD2d 449 [1989]).

The court properly denied that branch of the mother's cross petition which was to relocate with the child to the state of New Jersey because she did not establish that the proposed relocation would serve the child's best interests (*cf. Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]). The evidence at the hearing provided a sound basis to conclude that the interstate move would have an adverse impact on the quality and quantity of the child's future contact with the father and would impair the child's emotional, educational, or economic development (*see Matter of Zammit v Novellino*, 30 AD3d 534 [2006]; *Matter of Huston v Jones*, 252 AD2d 502, 503 [1998]; *cf. Matter of Tropea v Tropea, supra* at 740-741).

The mother's remaining contentions are without merit. Crane, J.P., Krausman, Lifson and Balkin, JJ., concur.