In the Matter of MORTON C. FRANCIS, Respondent, v AYANNA-ABENA COX, Appellant. (Proceeding No. 1.) In the Matter of AYANNA-ABENA COX, Appellant, v MORTON C. FRANCIS, Respondent. (Proceeding No. 2.) [869 NYS2d 589]—

Custody determinations depend to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties. Where, as here, a hearing court has conducted a complete evidentiary hearing, its finding must be accorded great weight, and

its award of custody will not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Manfredo v Manfredo,* 53 AD3d 498, 499-500 [2008]; *Matter of Ganzenmuller v Rivera,* 40 AD3d 756, 757 [2007]; *Matter of Brian S. v Stephanie P.,* 34 AD3d 685, 686 [2006]; *Matter of Shehata v Shehata,* 31 AD3d 773, 774 [2006]).

Here, the Family Court properly determined that joint custody of the child was no longer a viable option due to the history of animosity between the parties (*see Braiman v Braiman,* 44 NY2d 584, 587 [1978]; *Matter of Tavarez v Musse,* 31 AD3d 458 [2006]; *Matter of Rosario WW. v Ellen WW.,* 309 AD2d 984, 985 [2003]; *Palumbo v Palumbo,* 292 AD2d 358, 360 [2002]).

Contrary to the mother's contention, there is a sound basis in the record for the Family Court's determination that an award of sole custody to the father was in the child's best interest. The attorney for the child took the position that the father was better able to provide for the child's long-term care. The hearing court weighed the appropriate factors and properly awarded custody to the father, who had demonstrated over the course of the child's life that he was better able to provide a stable environment for the child (*see Matter of Shehata v Shehata,* 31 AD3d 773, 774 [2006]; *Cuccurullo v Cuccurullo,* 21 AD3d 983, 984 [2005]; *Kuncman v Kuncman,* 188 AD2d 517, 518 [1992]). Spolzino, J.P., Carni, Eng and Leventhal, JJ., concur.