■ In the Matter of GEORGE JARA, Respondent, v NICOLE RIVERA, Appellant. [876 NYS2d 66]—In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Devlin, J.), dated December 28, 2007, as, after a hearing, granted the father's petition to modify a prior custody order of the same court to award him sole custody of the parties' children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The essential consideration in any custody controversy is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Kaplan v Kaplan, 21 AD3d 993, 994 [2005]). "Because any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, great deference is accorded the court's findings" (Matter of Shehata v Shehata, 31 AD3d 773, 774 [2006]). "Thus, where a hearing court has conducted a complete evidentiary hearing, its finding must be accorded great weight, and its award of custody will not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Manfredo v Manfredo, 53 AD3d 498, 499-500 [2008]; see Matter of Ganzenmuller v Rivera, 40 AD3d 756 [2007]; Matter of Shehata v Shehata, 31 AD3d at 774).

Contrary to the mother's contention, there is a sound basis in the record for the Family Court's determination that an award of sole custody to the father is in the children's best interest.

The mother was not denied the effective assistance of counsel (see Matter of James P., 17 AD3d 733 [2005]; Matter of Whitley v Leonard, 5 AD3d 825, 827 [2004]; Matter of Thompson v Gibeault, 305 AD2d 873, 875 [2003]). Rivera, J.P., Spolzino, Ritter and Miller, JJ., concur.