■ In the Matter of JOSE CARRASQUILLO, Respondent, v MARIA S. CORA, Appellant. (And a Related Proceeding.) [876 NYS2d 436]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from so much of an order of the Family Court, Queens County (Negron, Ct. Atty. Ref.), dated March 27, 2008, as, after a hearing, granted the father's petition for sole custody of the subject child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Any court in considering questions of child custody must make every effort to determine what is in the best interests of the child, and what will best promote the child's welfare and happiness (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; Domestic Relations Law § 70 [a]; *Zafran v Zafran*, 306 AD2d 468, 469 [2003]). The court must look at the totality of circumstances and "[f]actors to be considered in determining those best interests include the parental guidance provided by the custodial parent, each parent's ability to provide for the child's emotional and intellectual development, each parent's ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Berrouet v Greaves*, 35 AD3d 460, 461 [2006]; *see Zafran v Zafran*, 306 AD2d at 469). "Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Dobbins v Vartabedian*, 304 AD2d 665, 666 [2003]).

Here, the Family Court's award of sole custody to the father has a sound and substantial basis in the record (*see Matter of Dobbins v Vartabedian*, 304 AD2d at 666). The Family Court's determination that the father was the more fit custodian of the child was based on its assessment of the credibility of the parties and took into account, inter alia, the recommendations of the forensic evaluator (*see Matter of Turnure v Turnure*, 37 AD3d 727, 728 [2007]; *Matter of Berrouet v Greaves*, 35 AD3d 460 [2006]; *Mattter of Dobbins v Vartabedian*, 304 AD2d at 666). Furthermore, joint custody would not have been appropriate here as the parties "have demonstrated an inability to cooperate on matters concerning the child" (*Matter of George W.S. v Donna S.*, 187 AD2d 657, 658-659 [1992]; *see Matter of Kelly v Hickman*, 44 AD3d 941, 941-942 [2007]; *Trolf v Trolf*, 126 AD2d 544 [1987]). Rivera, J.P., Ritter, Miller and Dickerson, JJ., concur.