■ In the Matter of VERA RUDOLPH, Respondent-Appellant, v LARRY ARMSTEAD, Appellant-Respondent. [876 NYS2d 906]—In a child custody and visitation proceeding pursuant to Family

Court Act article 6, the father appeals, as limited by his brief, from so much of an amended order of the Family Court, Orange County (Kiedaisch, J.), entered April 15, 2008, as, after a hearing, denied that branch of his cross petition which was, in effect, to modify a prior order of the same court entered July 25, 2006, awarding the mother sole legal custody of the subject child so as to transfer sole legal custody of the subject child to him, and the mother cross-appeals, as limited by her brief, from so much of the same order as granted that branch of the father's cross petition which was, in effect, for makeup visitation.

Ordered that the cross appeal is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the amended order is affirmed insofar as appealed from, without costs or disbursements.

"Custody determinations depend to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties. Where, as here, a hearing court has conducted a complete evidentiary hearing, its finding must be accorded great weight, and its award of custody will not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Francis v Cox*, 57 AD3d 776, 776-777 [2008]; *Matter of Manfredo v Manfredo*, 53 AD3d 498, 499-500 [2008]). Contrary to the father's contention, the Family Court had a sound and substantial basis in the record to support its determination that awarding him sole legal custody of the subject child was not in the child's best interest.

The mother's cross appeal must be dismissed as academic because the challenged makeup visits were scheduled to take place in 2008. Fisher, J.P., Miller, Chambers and Austin, JJ., concur.