In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Tolbert, J.), entered August 14, 2007, as, upon a decision of the same court dated December 18, 2006, made after a nonjury trial, awarded sole custody of the parties’ child to the defendant.
Ordered that the judgment is affirmed insofar as appealed from, with costs.
The essential consideration in determining custody is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Carrasquillo v Cora, 60 AD3d 852 [2009]; Gurewich v Gurewich, 43 AD3d 458 [2007]). The factors to be considered in making a custody determination include “the parental guidance provided by the custodial parent, each parent’s ability to provide for the child’s emotional and intellectual development, each parent’s ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child’s relationship with the other parent” (Craig v Williams-Craig, 61 AD3d 712, 712 [2009] [internal quotation marks omitted]; see Matter of McGovern v Lynch, 62 AD3d 712 [2009]; Matter of Carrasquillo v Cora, 60 AD3d 852 [2009]). The “existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances” (Eschbach v Eschbach, 56 NY2d at 174; see Pollack v Pollack, 56 AD3d 637 [2008]; Matter of Bowe v Robinson, 23 AD3d 555 [2005]; Kaplan v Kaplan, 21 AD3d 993 [2005]). Similarly, while “the value of forensic evaluations of the parents and children has long been recognized” (Matter of Volpe v Volpe, 61 AD3d 691, 692 [2009], quoting Ekstra v Ekstra, 49 AD3d *622 594, 595 [2008]; see Matter of Womack v Jackson, 30 AD3d 433 [2006] ), the court is not required to accept the recommendation of the court-appointed forensic psychologist (see Bruno v Bruno, 47 AD3d 606 [2008]; Matter of Kelly v Hickman, 44 AD3d 941 [2007]; Matter of Griffin v Scott, 303 AD2d 504 [2003]), as such recommendations are merely additional factors to be considered since “they are not determinative and do not usurp the judgment of the trial judge” (Matter of Kozlowski v Mangialino, 36 AD3d 916, 917 [2007]).
Moreover, it is recognized that where, as here, a complete evidentiary hearing has been held on the issue of custody, any determination depends to a great extent upon the hearing court’s assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties (see Matter of Rudolph v Armstead, 61 AD3d 979 [2009]; Matter of Gilmartin v Abbas, 60 AD3d 1058 [2009]; Matter of Bonilla v Amaya, 58 AD3d 728 [2009]). Accordingly, these findings of the hearing court will be accorded great weight, and its grant of custody will not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Jara v Rivera, 60 AD3d 680 [2009]; Matter of Francis v Cox, 57 AD3d 776 [2008]; Matter of Rolon v Medina, 56 AD3d 676 [2008]).
The record reveals that both parties love their infant daughter, and that either one would be a good custodial parent. Although the court-appointed evaluator recommended that custody of the child be awarded to the father, when the abovementioned factors are applied in this case, the Supreme Court’s determination to award sole custody of the child to the mother has a sound and substantial basis in the record. The evidence at the hearing established that the child, who had been continuously in the mother’s care, is happy and well-adjusted, exhibits no signs of emotional problems, is closely bonded to both parents and to her half brothers, relates well with others, is well socialized, and is excelling in school. Accordingly, the Supreme Court’s award of custody to the mother was not an improvident exercise of discretion and will not be disturbed (see Gurewich v Gurewich, 43 AD3d 458 [2007]). Fisher, J.P., Covello, Angiolillo and Roman, JJ., concur.