■ In the Matter of Suzanne Dwyer-Hayde, Respondent, v Roger Forcier, Appellant. [889 NYS2d 650]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Dutchess County (Forman, J.), dated June 11, 2008, as, after a hearing, awarded the parties joint custody of the two subject children, with physical custody to the mother and liberal visitation to him.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The essential consideration in any custody controversy is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining the best interests of the child, the court must evaluate the "totality of [the] circumstances" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]). "Custody determinations depend to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties. Thus, where a hearing court has conducted a complete evidentiary hearing, its finding must be accorded great weight, and its grant of custody will not be disturbed unless it lacks a sound and substantial basis in the record" (*Nicholas T. v Christine T.*, 42 AD3d 526, 527 [2007] [citations and internal quotation marks omitted]; *see Matter of Irene O.*, 38 NY2d 776, 777 [1975]).

Here, while it is clear that there is antagonism between the parties, it also is apparent that both parties generally behave appropriately with the children, that they cooperate in matters concerning the children, and that the children are attached to both parents. Under these circumstances, there is a sound and substantial basis in the record for the Family Court's finding that the best interests of the children would be served by awarding the parties joint custody (*see Matter of Marriott v Hernandez*, 55 AD3d 613, 614 [2008]; *cf. Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]; *Matter of Edwards v Rothschild*, 60 AD3d 675, 676-677 [2009]).

Furthermore, the Family Court's determination that the mother should retain physical custody of the children is amply

supported by the record. Although there was evidence that the father was a loving parent, the Family Court properly concluded that it was in the children's best interests to reside with their mother, who had been their primary caretaker for most of their lives and was better able to provide for their emotional and intellectual development (*see Matter of Ocampo v Jimenez,* 27 AD3d 753 [2006]; *Matter of Olson v Olson,* 8 AD3d 285, 286 [2004]; *see also Matter of Larkin v White,* 64 AD3d 707 [2009]). Moreover, the liberal visitation schedule gives the father a meaningful opportunity to maintain a close relationship with the children (*see Matter of Olson v Olson,* 8 AD3d at 286). Dillon, J.P., Florio, Balkin and Leventhal, JJ., concur.