■ In the Matter of Tracy Jon McDonough, Appellant-Respondent, v Denise Ortega McDonough, Respondent-Appellant. [899 NYS2d 892]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Lechtrecker, Ct. Atty. Ref.), dated January 21, 2009, as, upon awarding him residential custody of the subject children, directed him to transport the subject children to Pennsylvania Station in Manhattan for visitation with the mother, and the mother cross-appeals, as limited by her brief, from so much of the same order as awarded the father residential custody of the subject children.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"The essential consideration in any custody controversy is the best interests of the child" (*Matter of Dwyer-Hayde v Forcier*, 67 AD3d 1011, 1011 [2009], *lv denied* 14 NY3d 703 [2010]). "In determining the best interests of the child, the court must evaluate the totality of [the] circumstances" (*Nicholas T. v Christine T.*, 42 AD3d 526, 527 [2007] [internal quotation marks omitted]). "Factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Elliott v Felder*, 69 AD3d 623 [2010]). "Along with the factors considered in any custody determination, the court must also consider the stability and continuity afforded by maintaining the present arrangement" (*Matter of Lightbody v Lightbody*, 42 AD3d 537, 537-538 [2007]). Moreover, " 'where a hearing court has conducted a complete evidentiary hearing, its finding must be accorded great weight, and its grant of custody will not be disturbed unless it lacks a sound and substantial basis in the record' " (*Matter of Dwyer-Hayde v Forcier*, 67 AD3d at 1011, quoting *Nicholas T. v Christine T.*, 42 AD3d at 527; *Matter of Brian S. v Stephanie P.*, 34 AD3d 685 [2006]; *see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]).

Contrary to the mother's contention, there is sound support in the record for the determination that an award of residential custody to the father was in the children's best interests (*see Matter of Elliott v Felder*, 69 AD3d at 623; *Matter of Dwyer-Hayde v Forcier*, 67 AD3d at 1011; *Matter of Lightbody v Lightbody*, 42 AD3d at 537-538). The father testified as to the

arrangements he had made for the children's care since the mother left the household. Further, the evidence indicated that the children continued to live in the same house near their friends and to attend the only school they ever had attended, in which they were doing well. Under these circumstances, the best interests of the children would best be served by preserving the status quo and awarding the father residential custody of the subject children (*see Matter of Larkin v White*, 64 AD3d 707, 709 [2009]).

There was also a sound and substantial basis in the record for the determination to continue the visitation arrangement, whereby the father transports the children from his home in Suffolk County to Pennsylvania Station in Manhattan for their twice-monthly visitation with the mother, who resides in New York City.

The parties' remaining contentions are without merit. Dillon, J.P., Santucci, Hall and Lott, JJ., concur.