■ In the Matter of ALAN SAJID, Appellant, v JOANN BERRIOS-SAJID, Respondent. [902 NYS2d 146]—In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Orange County (Woods, J.), entered December 12, 2008, as, after a hearing, awarded the parties joint custody of the two subject children, with physical custody to the mother.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

There is "no prima facie right to the custody of the child in either parent" (Domestic Relations Law § 70 [a]; § 240 [1] [a]; *see Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]). The essential consideration in any custody controversy is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Dwyer-Hayde v Forcier*, 67 AD3d 1011, 1011 [2009]). "Factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of

custody to one parent might have on the child's relationship with the other parent" (*Matter of Elliott v Felder*, 69 AD3d 623 [2010]; *see Matter of Vann v Vann*, 14 AD3d 710 [2005]; *cf. Matter of Holle v Holle*, 55 AD3d 991 [2008]).

"[T]he existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (*Eschbach v Eschbach*, 56 NY2d at 174; *see Bourne v Bristow*, 66 AD3d 621 [2009]). "Custody determinations depend to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties. Thus, where a hearing court has conducted a complete evidentiary hearing, its finding must be accorded great weight, and its grant of custody will not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Dwyer-Hayde v Forcier*, 67 AD3d at 1011 [internal quotation marks omitted]; *see Matter of Rudolph v Armstead*, 61 AD3d 979 [2009]).

Here, the Family Court conducted a full hearing in which it observed the demeanor and heard the testimony of the parties and a court-appointed expert, and interviewed the children in camera. Based on our review of the record, the Family Court weighed the appropriate factors and properly awarded joint legal custody of the two subject children, with physical custody to the mother (*see Matter of Dwyer-Hayde v Forcier*, 67 AD3d 1011 [2009]; *Matter of Vann v Vann*, 14 AD3d 710 [2005]; *Cohen v Merems*, 2 AD3d 663 [2003]). Mastro, J.P., Santucci, Chambers and Roman, JJ., concur.