In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (O’Shea, J.), dated February 14, 2011, as, after hearing, awarded sole custody of the parties’ son to the mother.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
The essential consideration in determining custody is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Carrasquillo v Cora, 60 AD 3d 852, 853 [2009]; Gurewich v Gurewich, 43 AD3d 458 [2007]). The factors to be considered in making a custody determination include “ ‘the parental guidance provided by the custodial parent, each parent’s ability to provide for the child’s emotional and intellectual development, each parent’s ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child’s relationship with the other parent’ ” (Craig v Williams-Craig, 61 AD3d 712, 712 [2009], quoting Matter of Berrouet v Greaves, 35 AD3d 460, 461 [2006]; see Matter of McGovern v Lynch, 62 AD3d 712, 712 [2009]; Matter of Carrasquillo v Cora, 60 AD3d 852 [2009]). The “existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances” (Eschbach v Eschbach, 56 NY2d at 174; see Pollack v Pollack, 56 AD3d 637, 638 [2008]; Matter of Bowe v Robinson, 23 AD3d 555, 557 [2005]; Kaplan v Kaplan, 21 AD3d 993, 995 [2005]).
Moreover, where, as here, a complete evidentiary hearing has been held on the issue of custody, any determination depends to a great extent upon the hearing court’s assessment of the credibility of the witnesses and of the character, temperament, and *699 sincerity of the parties (see Matter of Rudolph v Armstead, 61 AD3d 979, 980 [2009]; Matter of Gilmartin v Abbas, 60 AD3d 1058, 1058 [2009]; Matter of Bonilla v Amaya, 58 AD3d 728, 729 [2009]). Accordingly, the credibility findings of the hearing court will be accorded great weight and its award of custody will not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Jara v Rivera, 60 AD3d 680, 680 [2009]; Matter of Francis v Cox, 57 AD3d 776, 776-777 [2008]; Matter of Rolon v Medina, 56 AD3d 676, 677 [2008]).
Here, the Family Court’s determination to award sole custody of the child to the mother has a sound and substantial basis in the record. The evidence at the hearing established, inter alia, that the child, who was eight years old at the time of the hearing and who had been in the mother’s care since he was born, was happy and well-adjusted, and was close to his brother and sister, who also lived with the mother. In addition, the evidence showed that the mother was best able to provide for the child, and was adequately providing for the child’s emotional and intellectual development. Accordingly, the Family Court’s award of custody to the mother has a sound and substantial basis in the record and will not be disturbed (see Gurewich v Gurewich, 43 AD3d at 459). Mastro, J.P., Rivera, Dickerson and Lott, JJ., concur.