In an action for a divorce and ancillary relief, the defendant appeals, by permission, from stated portions of an amended order of the Supreme Court, Putnam County (Nicolai, J.), dated January 31, 2012, which, inter alia, upon a decision of the same court dated November 23, 2011, made after a nonjury trial, awarded the parties joint legal custody of the parties’ children, with the plaintiff having primary physical custody and final decision-making authority.
Ordered that the amended order is modified, on the law, on the facts, and in the exercise of discretion, by adding a provision thereto directing the plaintiff to consult with the defendant regarding any issues involving the children’s health, medical care, education, religion, and general welfare prior to exercising her final decision-making authority for the children; as so modified, the amended order is affirmed insofar as appealed from, with costs to the plaintiff.
*618 The essential consideration in making an award of custody is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). Since a custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the court’s findings (see Matter of Elliott v Felder, 69 AD3d 623, 623 [2010]; Cuccurullo v Cuccurullo, 21 AD3d 983, 984 [2005]). Therefore, its findings should not be set aside unless they lack a sound and substantial basis in the record (see Matter of Sajid v Berrios-Sajid, 73 AD3d 1186, 1187 [2010]; Matter of Nikolic v Ingrassia, 47 AD3d 819, 820 [2008]).
Here, although it is evident that there is antagonism between the parties, it also is apparent that both parties generally behave appropriately with their children, that they can make parenting decisions together, and that the children are attached to both parents. Under these circumstances, there is a sound and substantial basis in the record for the Supreme Court’s finding that the best interests of the children would be served by awarding the parties joint custody (see Matter of Dwyer-Hayde v Forcier, 67 AD3d 1011, 1011 [2009]; Matter of Marriott v Hernandez, 55 AD3d 613, 614 [2008]). Similarly, the record supports the determination that primary physical custody should be with the mother and that she should have final decision-making authority (see Matter of Griffin v Scott, 303 AD2d 504 [2003]). The court, however, should have directed the plaintiff to consult with the defendant regarding any issues involving the children’s health, medical care, education, religion, and general welfare prior to exercising her final decision-making authority (see Matter of Vialardi v Vialardi, 67 AD3d 921, 921 [2009]).
The defendant’s remaining contentions are without merit. Skelos, J.P., Dickerson, Chambers and Hinds-Radix, JJ., concur.