In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County *772 (Beckoff, J.), dated December 6, 2011, which, after fact-finding and dispositional hearings, dismissed his petition for custody of the subject children.
Ordered that the order is affirmed, without costs or disbursements.
“The essential consideration in any custody controversy is the best interests of the child” (Matter of Dwyer-Hayde v Forcier, 67 AD3d 1011, 1011 [2009]; see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). “Factors to be considered in determining the child’s best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child’s emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child’s relationship with the other parent” (Matter of Elliott v Felder, 69 AD3d 623, 623 [2010]; see Matter of Ross v Ross, 96 AD3d 856, 857 [2012]; Kaplan v Kaplan, 21 AD3d 993, 994 [2005]). Where the court has conducted a complete evidentiary hearing, its custody determination will not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Jara v Rivera, 60 AD3d 680 [2009]; Matter of Francis v Cox, 57 AD3d 776, 776-777 [2008]).
Here, the evidence at the hearing established, inter alia, that the father sexually abused the subject child Skyla R, and had previously sexually abused his adult daughter and his niece. In this regard, this Court, in a companion appeal, is affirming the Family Court’s determination that the father sexually abused Skyla and derivatively abused the subject child Leah R. (see Matter of Leah R. [Miguel R.], 104 AD3d 774 [2013] [decided herewith]). Moreover, the record demonstrates that, at the time of the dispositional hearing, the children had been residing with the mother for approximately 11 months, and that Skyla, who was then seven years old, was performing well in school and did not have any behavioral issues. Accordingly, the Family Court’s determination to dismiss the father’s petition for custody of the subject children has a sound and substantial basis in the record, and will not be disturbed (see Matter of Blakeney v Blakeney, 99 AD3d 898 [2012]; Gurewich v Gurewich, 43 AD3d 458, 459 [2007]).
The father’s remaining contentions are either without merit or not properly before this Court. Mastro, J.E, Austin, Roman and Cohen, JJ., concur.