Cole v Cole (2019 NY Slip Op 03317)





Cole v Cole


2019 NY Slip Op 03317


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-11429
 (Index No. 7170/15)

[*1]Jesse Cole, respondent, 
v
Samantha Cole, appellant.


Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant.
Jesse Cole, Staten Island, NY, respondent pro se.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated September 12, 2017. The judgment, insofar as appealed from, upon a decision of that court dated August 8, 2017, made after a nonjury trial, awarded the plaintiff physical custody of the parties' children and failed to include a provision that required the parties to pay their pro rata share of the children's future unreimbursed health care expenses.
ORDERED that the judgment is modified, on the law and in the exercise of discretion, by adding thereto a provision directing the parties to pay their respective pro rata share of the children's future unreimbursed health care expenses; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Orange County for a determination of each party's pro rata share of the children's future unreimbursed health care expenses.
The plaintiff and the defendant were married in 2011 and are the parents of two children, born in 2007 and 2011. In 2012, the parties moved to Orange County. In 2015, the plaintiff commenced this action for a divorce and ancillary relief. Thereafter, the plaintiff moved out of the marital residence and relocated to Richmond County. Following a hearing, the Supreme Court awarded the parties joint legal custody, awarded the plaintiff physical custody, and awarded the defendant liberal parental access. The defendant appeals.
"The paramount concern in any custody . . . determination is the best interests of the child, under the totality of the circumstances" (Matter of James M. v Kevin M., 99 AD3d 911, 912-913; see Eschbach v Eschbach, 56 NY2d 167, 171). "The factors to be considered in making a custody determination include the parental guidance provided by the custodial parent, each parent's ability to provide for the child's emotional and intellectual development, each parent's ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Maraj v Gordon, 102 AD3d 698, 698 [internal quotation marks omitted]). "Since a custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the court's findings" (Prohaszka v Prohaszka, 103 AD3d 617, 618; see Matter of Maraj v Gordon, 102 AD3d 698). "Thus, where a hearing court has conducted a complete evidentiary hearing, its finding must be accorded great weight, and its grant [*2]of custody will not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Sajid v Berrios-Sajid, 73 AD3d 1186, 1187 [internal quotation marks omitted]; see Matter of Dwyer-Hayde v Forcier, 67 AD3d 1011, 1011).
Here, the Supreme Court conducted a full trial in which it observed the demeanor and heard the testimony of the parties, considered the report of the court-appointed forensic evaluator, and interviewed the children in camera. Based on our review of the record, the court's determination awarding physical custody to the plaintiff has a sound and substantial basis in the record (see Prohaszka v Prohaszka, 103 AD3d 617; Matter of Sajid v Berrios-Sajid, 73 AD3d at 1187).
The Supreme Court should have directed the parties to contribute pro rata to the children's future unreimbursed health care expenses (see Domestic Relations Law § 240[1-b][c][5]; Griggs v Griggs, 44 AD3d 710, 713-714; Sicurelli v Sicurelli, 285 AD2d 541, 542-543; Junkins v Junkins, 238 AD2d 480, 482; Ames v Ames, 212 AD2d 653, 654).
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court