Matter of Stone v Weinberg (2020 NY Slip Op 07898)





Matter of Stone v Weinberg


2020 NY Slip Op 07898


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-09059
 (Docket Nos. V-17473-17, V-01002-18)

[*1]In the Matter of Mark L. Stone, appellant,
v
Jamie M. Weinberg, respondent. (Proceeding No. 1.)
In the Matter of Jamie M. Weinberg, respondent,
v
Mark L. Stone, appellant. (Proceeding No. 2.)


Law Office of Dorothy A. Courten, PLLC, Hauppauge, NY, for appellant.
Quatela Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri, Joseph Covello, and Sophia Arzoumanidis of counsel), for respondent.
Susan A. DeNatale, Bayport, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (David A. Morris, J.), dated July 5, 2019. The order, insofar as appealed from, after a hearing, denied the father's petition for sole custody of the parties' child, awarded joint custody of the child to the mother and the father, granted the father final decision-making authority in all matters regarding education and the mother final decision-making authority in all matters regarding medical issues, and set a parental access schedule that equally divided the child's time between both parties.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were never married, but cohabited and have one child in common. The father and the mother both filed petitions seeking sole custody of the child. After a hearing, the Family Court denied both petitions for sole custody, and awarded the parties joint custody of the child. The court further ordered the parties to have spheres of influence over certain decisions, such that the father was granted final decision-making authority over the child's education and the mother was granted final decision-making authority over the child's medical needs. The father appeals.
An award of custody must be based upon the best interests of the children (see Matter of Archibald M. v Georgette S., 110 AD3d 811; Matter of McDonough v McDonough, 73 AD3d 1067, 1068; Matter of Dwyer-Hayde v Forcier, 67 AD3d 1011). In determining the best interests of the children, the court must evaluate the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171-174; Matter of Anwar v Sani, 78 AD3d 827). "The factors to be considered in making a determination with respect to the best interests of the child[ren] include 'the quality of the home environment and the parental guidance the custodial parent provides for the child[ren], the ability of each parent to provide for the child[ren]'s emotional and intellectual development, the [*2]financial status and ability of each parent to provide for the child[ren], the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child[ren]'s relationship with the other parent'" (Matter of Yearwood v Yearwood, 90 AD3d 771, 773-774, quoting Matter of Elliott v Felder, 69 AD3d 623, 623; see Eschbach v Eschbach, 56 NY2d at 171-172). Along with these factors, "'the court must also consider the stability and continuity afforded by maintaining the present arrangement'" (Matter of McDonough v McDonough, 73 AD3d at 1068, quoting Matter of Lightbody v Lightbody, 42 AD3d 537, 537-538). "Since weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved, the hearing court's findings are accorded deference, and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Jackson v Coleman, 94 AD3d 762, 763; see Matter of Solovay v Solovay, 94 AD3d 898, 899; Matter of Ross v Ross, 86 AD3d 615, 616).
Here, the Family Court, after having had the opportunity to evaluate the testimony and consider the recommendation of the forensic expert, determined that the child's best interests would be served by awarding the parties joint custody of the child, granting the father final decision-making authority in all matters regarding education and the mother final decision-making authority in all matters regarding medical issues, and setting a parental access schedule that equally divided the child's time between both parties. That determination is supported by the record and we decline to disturb it (see Matter of Estrada v Palacios, 148 AD3d 804; Matter of Thorpe v Homoet, 116 AD3d 962; Matter of Carter v Carter, 111 AD3d 715).
The parties remaining contentions are without merit.
DILLON, J.P., CHAMBERS, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court