Turisse v Turisse (2021 NY Slip Op 03343)





Turisse v Turisse


2021 NY Slip Op 03343


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-03164
 (Index No. 201093/14)

[*1]Allan S. Turisse, respondent-appellant,
v
Sally Jean Turisse, appellant-respondent.


Robert J. Fileccia, Staten Island, NY, for appellant-respondent.
Fass & Greenberg, LLP, Garden City, NY (Florence M. Fass and Elena L. Greenberg of counsel), for respondent-appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals, and the plaintiff cross-appeals, from a judgment of divorce of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered August 16, 2018. The judgment, insofar as appealed from, upon a decision of the same court dated May 3, 2018, made after a nonjury trial, awarded the plaintiff sole legal and physical custody of the parties' child, determined issues of equitable distribution of the marital estate, and awarded the plaintiff attorney's fees in the amount of $81,795.29, payable by the defendant to Fass & Greenberg, LLP. The judgment, insofar as cross-appealed from, upon the decision, directed that each party shall be responsible for the unreimbursed medical, dental, pharmaceutical, and therapy expenses for the parties' child incurred by whichever party incurs the cost on behalf of the child, in effect, denied the plaintiff's application for childcare costs retroactive to the date of commencement of the action, and directed that the defendant pay child support commencing as of June 15, 2018.
ORDERED that the judgment of divorce is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff attorney's fees in the amount of $81,795.29 payable by the defendant to Fass & Greenberg, LLP, (2) by deleting the provision thereof directing that each party shall be responsible for the unreimbursed medical, dental, pharmaceutical, and therapy expenses for the parties' child incurred by whichever party incurs the cost on behalf of the child, and substituting therefor a provision directing the defendant to pay 49% and the plaintiff to pay 51% of the child's future unreimbursed medical, dental, pharmaceutical, and therapy expenses, (3) by deleting the provision thereof directing that the defendant pay child support commencing as of June 15, 2018, and substituting a provision therefor directing that the defendant pay child support commencing as of April 14, 2014, and (4) adding a provision thereto awarding the plaintiff childcare costs retroactive to the date of commencement of the action; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a calculation of the retroactive child support arrears, including add-ons for childcare expenses incurred by the plaintiff during the pendency of this action, and entry of an appropriate amended judgment thereafter.
The parties were married on March 2, 2012, and have one child together, who was also born in 2012. On April 14, 2014, the plaintiff commenced this action seeking, inter alia, a [*2]divorce, legal and physical custody of the child, child support, a determination of the parties' rights with respect to marital and separate property, and an award of attorney's fees. By judgment of divorce entered August 16, 2018, upon a decision of the same court dated May 3, 2018, made after a nonjury trial, the Supreme Court, among other things, granted a divorce, awarded the plaintiff sole legal and physical custody of the child, awarded the plaintiff child support commencing as of June 15, 2018, directed that each party shall be responsible for the unreimbursed medical, dental, pharmaceutical, and therapy expenses for the parties' child incurred by whichever party incurs the cost on behalf of the child, directed that each party shall retain any marital assets in their individual names, and awarded the plaintiff attorney's fees in the amount of $81,795.29, payable by the defendant to the plaintiff's attorney, Fass & Greenberg, LLP. The defendant appeals and the plaintiff cross-appeals.
"'The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed'" (Eschemuller v Eschemuller, 167 AD3d 983, 984, quoting Linenschmidt v Linenschmidt, 163 AD3d 949, 950 [internal quotation marks omitted]). There is no requirement that marital assets be distributed equally (see Culen v Culen, 157 AD3d 926, 929; DeSouza-Brown v Brown, 71 AD3d 946, 946-947). "The equitable distribution of marital assets must be based on the circumstances of the particular case and the consideration of a number of statutory factors" (Culen v Culen, 157 AD3d at 929; see Domestic Relations Law § 236[B][5][d]). "Those factors include: the income and property of each party at the time of marriage and at the time of commencement of the divorce action; the duration of the marriage; the age and health of the parties; the loss of inheritance and pension rights; any award of maintenance; any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of marital property by the party not having title; and any other factor which the court shall expressly find to be just and proper" (Taylor v Taylor, 140 AD3d 944, 945-946; see Domestic Relations Law § 236[B][5][d]). Here, the defendant failed to demonstrate that the Supreme Court's determination as to the equitable distribution of marital property was an improvident exercise of discretion.
"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049; see Eschbach v Eschbach, 56 NY2d 167, 171). "Among the factors to be considered are 'the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (Matter of Nieves v Nieves, 176 AD3d 824, 826, quoting Matter of Saunders v Scott, 172 AD3d 724, 726). The existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances (see Matter of Nieves v Nieves, 176 AD3d at 826; Matter of Alonso v Perdue, 163 AD3d 658; Matter of Jackson v Jackson, 157 AD3d 694). "'The court's determination depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents'" (Matter of Toro v Williams, 167 AD3d 634, 635, quoting Matter of Blanco v Corbett, 8 AD3d 374, 374). "The credibility findings of the court are entitled to great weight and should not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Toro v Williams, 167 AD3d at 635; see Eschbach v Eschbach, 56 NY2d at 173; Matter of Acosta v Melendez, 179 AD3d 912, 913).
Here, the Supreme Court conducted a full trial in which it observed the demeanor and heard the testimony of the parties and other witnesses. Based on our review of the record, the Supreme Court's determination awarding sole legal and physical custody to the plaintiff has a sound and substantial basis in the record (see Prohaszka v Prohaszka, 103 AD3d 617; Matter of Sajid v Berrios-Sajid, 73 AD3d 1186, 1187).
"The decision to award an attorney's fee in a matrimonial action lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as that of the trial court" (Marchese v Marchese, 185 AD3d 571, 576; see [*3]O'Brien v O'Brien, 66 NY2d 576, 590; Tarantina v Gitelman, 136 AD3d 663). "The purpose of Domestic Relations Law § 237(a) is to redress the economic disparity between the monied spouse and the nonmonied spouse by ensuring that the latter will be able to litigate the action on equal footing with the former" (Brockner v Brockner, 174 AD3d 567, 568; see Prichep v Prichep, 52 AD3d 61, 64-65). "A less-monied spouse should not be expected to exhaust all, or a large portion, of available finite resources available, particularly where the more affluent spouse is able to pay his or her own legal fees without any substantial lifestyle impact" (Marchese v Marchese, 186 AD3d at 576; see Prichep v Prichep, 52 AD3d at 66). The court may take into account whether either party has engaged in conduct or taken positions resulting in delay or unnecessary litigation (see Guzzo v Guzzo, 110 AD3d 765, 766; Khan v Ahmed, 98 AD3d 471, 473).
Here, the Supreme Court improvidently exercised its discretion in awarding attorney's fees to the plaintiff. The defendant was the less-monied spouse, and the award had the effect of exhausting all of the defendant's available resources. Moreover, the plaintiff was able to pay his own legal fees. Under the circumstances of this case, the award of attorney's fees in favor of the plaintiff was an improvident exercise of discretion.
An order of child support is automatically retroactive to the date of the application therefor (see Domestic Relations Law § 236[B][7][a]; Burns v Burns, 84 NY2d 369, 377). "Where the custodial parent is working . . . and incurs child care expenses as a result thereof, the court shall determine reasonable child care expenses and such child care expenses, where incurred, shall be prorated in the same proportion as each parent's income is to the combined parental income" (Domestic Relations Law § 240[1-b][c][4]; see Matter of Ripley v Valencia, 136 AD3d 831; Cimons v Cimons, 53 AD3d 125, 131). The Supreme Court's award of child support should have been made retroactive to the date of the commencement of this action, when he first requested child support, and that the court should have determined, as an add-on expense, the parties' obligations as to child care expenses incurred by the plaintiff while this action was pending. We modify the judgment of divorce accordingly and remit the matter to the Supreme Court, Nassau County, for the calculation of child support arrears, including the costs of child care incurred by the plaintiff while this action was pending.
The Supreme Court erred in directing that each party shall be responsible for the unreimbursed medical, dental, pharmaceutical, and therapy expenses for the parties' child incurred by whichever party incurs the cost on behalf of the child. "[R]esponsibility for future reasonable unreimbursed health care expenses shall be prorated in the same proportion or percentage as each parent's income bears to the combined parental income" (Cimons v Cimons, 53 AD3d at 131; see Domestic Relations Law § 240[1-b][c][5][v]). Accordingly, we modify the judgment of divorce to direct that the defendant is responsible for 49% and the plaintiff is responsible for 51% of the child's unreimbursed medical, dental, pharmaceutical, and therapy expenses, the same proportion that the parties' incomes are to the combined parental income (see Cimons v Cimons, 53 AD3d at 131; Griggs v Griggs, 44 AD3d 710, 714).
The defendant's remaining contentions are not properly before this Court.
LASALLE, P.J., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court