Matter of Beale v Patterson (2025 NY Slip Op 01625)

Matter of Beale v Patterson

2025 NY Slip Op 01625

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-08686
2024-01561
 (Docket Nos. V-16223-19, V-19109-19)

[*1]In the Matter of Delroy A. Beale, respondent,
v
Brianna H. Patterson, appellant. (Proceeding No. 1)
In the Matter of Brianna H. Patterson, appellant, Delroy A. Beale, respondent. (Proceeding No. 2)

Michael J. Miller, Miller Place, NY, for appellant.
Steven A. Feldman, Manhasset, NY, for respondent.
Glenn Gucciardo, Northport, NY, attorney for the child.
In related proceedings pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Suffolk County (James W. Malone, J.), dated August 18, 2023, and (2) an order of the same court dated January 24, 2024. The order dated August 18, 2023, insofar as appealed from, after a hearing, awarded the father residential custody of the parties' child, with parental access to the mother as the parties might agree. The order dated January 24, 2024, insofar as appealed from, awarded the same relief.

DECISION & ORDER
By order to show cause dated April 10, 2024, the parties were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from the order dated August 18, 2023, on the ground that the order was superseded by the order dated January 24, 2024. By decision and order on motion of this Court dated June 14, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeal, it is
ORDERED that the motion to dismiss the appeal from the order dated August 18, 2023, is granted; and it is further,
ORDERED that the appeal from the order dated August 18, 2023, is dismissed, without costs or disbursements; and it is further,
ORDERED that the order dated January 24, 2024, is affirmed insofar as appealed [*2]from, without costs or disbursements.
The parties are the parents of one child, born in 2016. On October 18, 2019, the father filed a petition for custody of the child. Thereafter, on December 5, 2019, the mother also filed a petition for custody of the child. During the pendency of the petitions, the parties entered into temporary stipulations concerning custody and parental access in November 2019 and February 2020 (hereinafter the temporary custody stipulations). The parties essentially shared custody of the child, splitting the week between them. In September 2021, the child was enrolled in school in the school district where the father lived. As of May 2022, the mother alleged that the parties no longer followed the temporary custody stipulations, but acknowledged that this largely was because of her lack of access to transportation.
Following a hearing, the Family Court, inter alia, awarded residential custody of the child to the father, with parental access to the mother as the parties might agree. The mother appeals.
Contrary to the mother's contentions, the Family Court correctly applied the standard for an initial custody determination instead of requiring a change in circumstances for a modification of a prior custody determination (see e.g. Sookchan v Sookchan, 234 AD3d 779). The court's order is the first determination of the petitions for custody filed by the parties.
"The paramount concern in matters of custody and parental access is the best interests of the child under the totality of the circumstances" (Matter of Romero-Flores v Hernandez, 214 AD3d 882, 882). "In determining the child's best interests, the court must consider, among other things, '(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires'" (Matter of Soto v Marrero, 214 AD3d 814, 815, quoting Matter of Brisard v Brisard, 211 AD3d 838, 838). "'[T]he existence or absence of any one factor,' however, is not 'determinative,' since custody and parental access determinations must be made based on the 'totality of the circumstances'" (Matter of Haase v Jones, 230 AD3d 774, 777, quoting Matter of Sajid v Berrios-Sajid, 73 AD3d 1186, 1187). "The credibility findings of the Family Court after a hearing on the issue of custody will be accorded great weight on appeal, and its determinations regarding custody and parental access will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of McFarlane v Jones, 193 AD3d 936, 936).
The Family Court's determination has a sound and substantial basis in the record. Here, insofar as the court awarded the father residential custody of the child, the record demonstrated that the father is able to provide the child with stability and continuity in her schooling where both parties agree the child has flourished (see e.g. Matter of Walker v Sterkowicz-Walker, 203 AD3d 1167).
The mother's remaining contentions are either without merit or unpreserved for appellate review.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court